Teresa Yvonne DRY, Petitioner,

v.

PAULS VALLEY HEALTH CARE FACILITY; State Insurance Fund; Workers' Compensation Court, Respondents.

No. 69967.

Court of Appeals of Oklahoma, Divison No. 1.

Jan. 31, 1989.

John Sprowls, Pauls Valley, for petitioner.

Anne Catherine Pittman, Oklahoma City, for respondents.

### MEMORANDUM OPINION

MacGUIGAN, Judge:

Teresa Yvonne Dry (Claimant) seeks review of an order of the Workers' Compensation Court sitting *en banc* affirming the trial court's denial of benefits for injury to her respiratory system sustained in the course of her employment. The trial court's order found that Claimant had sustained an accidental personal injury to her respiratory system arising out of and in the course of her employment, but found that Claimant lost no compensable time due to said injury nor did Claimant sustain any permanent partial disability to the respiratory system as a result of said injury. This appeal results.

Claimant was working in the kitchen at Pauls Valley Health Care Facility (Respondent) and while pulling some meat from the oven a fire broke out in the oven. Claimant then proceeded to extinguish the blaze. Claimant was taken to the Emergency Room at Pauls Valley General Hospital where she was admitted and spent the night and returned to work the next day. Subsequently, Claimant began experiencing shortness of breath. Claimant at the time of the accident was pregnant and weighed approximately 240 lbs. plus she had a family history of asthma. She smoked approximately one pack of cigarettes a day and has been smoking for about 12 years.

Claimant at the time of trial offered the medical report of Dr. John W. Ellis which was admitted without objection. Respondent offered the narrative medical reports of Drs. Elliot and Hensley which were also admitted without objection. Claimant asserts on appeal that Respondent's medical evidence with regard to permanent impairment was not based upon the officially adopted American Medical Association Guides to the Evaluation of Permanent Impairment (AMA Guides).

Examination of the record reveals that Claimant failed to make any competency objection to either Dr. Elliot's report or to Dr. Hensley's medical report at the time of trial. 85 O.S.1981 § 1.2(E), (F); Ch. 4, App. Rule 21 provides in part as follows:

Rule 21 Objections to Evidence
An objection to testimony offered by oral examination in open court must be made at the time the testimony is sought to be illicited.

.    .    .    .    .

An objection to medical testimony offered by varified or declared report, if on the grounds that (1) it is based on inaccurate or incomplete history or is otherwise without probative value, or (2) it does not properly evaluate Claimant's impairment or disability, as the case may be, in accordance with the Workers' Compensation Act, must be interposed at the same time it is offered into evidence.

Unless an objection is timely made, it shall be waived. Any legally inadmissible evidence that stands admitted without objection shall be regarded as admitted as part of the proof in the case.

In *Paschen v. Ratliff City Trucking Co.,* 637 P.2d 591 (Okl.App.1981) this Court ruled: "We note no objection was made to the (medical) report within the required time. Therefore, any objections were waived." *See* also, *Texas–Oklahoma Exp. v. Sorenson,* 652 P.2d 285 (Okl.1982). We therefore hold that failure to object to the evidence in question in a timely manner operates as a waiver of that objection to the medical reports.

 We further hold that the order of the Workers' Compensation Court is supported by the general tenor and intent of Respondent's medical evidence which was submitted to the trial court for consideration and, therefore, said order rests on competent evidence. *Wade Lahar Construction Co. v. Howell,* 376 P.2d 221 (Okl. 1962). On review of a Workers' Compensation Court order or award, this Court does not weigh the evidence to determine the preponderance thereof but we examine the record only to ascertain whether the order reviewed is supported by any competent evidence. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okl.1984). The trial court may except or reject the evidence or portions thereof as it deems appropriate. *Cassidy v. Harding,* 451 P.2d 698 (Okl.1969).

We note the recent case of *Alice L. Labarge v. Zebco, Northwestern National Insurance,* 769 P.2d 125 (Okl.1988) wherein the Supreme Court states:

> The employee contends that a medical report which does not rate the employee's impairment according to the AMA Guides and which does not explain any deviation from those Guides is not competent evidence. We agree. Medical reports must comply with the AMA Guides as provided by the Legislature in Rule 20.

We further note that in the *Labarge* case the employee objected to the competency of the doctor's medical report, whereas in the present case the Claimant failed to object to Respondent's medical reports. Therefore, the *Labarge* case can here be distinguished and as Rule 21 provides "Any legally inadmissible evidence that stands ad-

mitted without objection shall be regarded as admitted as part of the proof of the case."

ORDER SUSTAINED.

HUNTER, P.J. and HANSEN, J. concur.