**Verdon C. BRINKERHOFF,
Plaintiff and Appellee,**

v.

**Fred C. SCHWENDIMAN, Director; and
the Office of Driver License Services,
State of Utah, Defendants and Appellants.**

**No. 890499–CA.**

Court of Appeals of Utah.

April 9, 1990.

R. Paul Van Dam, Atty. Gen., Richard D. Wyss, Asst. Atty. Gen. (argued), Salt Lake City, for defendants and appellants.

William R. Russell (argued), Salt Lake City, for plaintiff and appellee.

Before DAVIDSON, BENCH and BILLINGS, JJ.

OPINION

BILLINGS, Judge:

The Division of Driver License Services, Department of Public Safety of the State of Utah ("DLS") appeals a Third District Court order reinstating Verdon C. Brinkerhoff's ("Brinkerhoff") driver's license. We reverse and remand to the district court to reinstate DLS's order suspending Brinkerhoff's driving privileges. We find any procedural errors that occurred at the informal DLS hearing were either waived or were cured by the trial de novo on the merits at the district court as provided for by the Utah Administrative Procedures Act ("UAPA"), Utah Code Ann. §§ 63–46b–1 to –22 (1989).

Brinkerhoff was arrested for driving under the influence of alcohol on October 26, 1988. After an informal hearing, DLS suspended Brinkerhoff's driving privileges for a period of ninety days. After a trial de novo, the district court found that Brinkerhoff was driving in violation of Utah Code Ann. § 41–6–44 (1988). The court stated at the trial de novo, "I think on the merits of the situation, it is a straight appeal. Without these procedural problems, I would sustain or in effect find that the petitioner was in violation of 41–6–44. I think the evidence is, that he was."[1] The district court nevertheless reinstated Brinkerhoff's license because DLS had failed to comply with certain provisions of the UAPA. Thus, the issue before this court is whether the Third District Court properly reinstated Brinkerhoff's driver's license because of DLS's alleged violations of the UAPA.

Brinkerhoff, at the district court trial de novo, complained that DLS violated section 63–46b–3 because the original notice of hearing sent to him did not designate whether the hearing would be formal or informal. Brinkerhoff also claims DLS violated section 63–46b–5 because the administrative order that suspended his license did not give a sufficient explanation of the reasons for the decision.[2] The trial court accepted Brinkerhoff's legal arguments

1. Rule 52(a) of the Utah Rules of Civil Procedure allows a trial court to make oral findings if they are recorded in open court following the close of evidence.

2. DLS sent Brinkerhoff an "Order of Suspension," dated October 10, 1988, which stated that the reason for the suspension was "that a peace officer had reasonable grounds to believe you had been operating a motor vehicle in violation of Utah Code Ann. § 41–6–44 (driving under the influence law)." Because of our holding, we need not determine whether this notice of suspension was adequate under section 63–46b–5.

and reinstated Brinkerhoff's driving privileges even though the trial de novo confirmed that Brinkerhoff had violated section 41-6-44.

## STANDARD OF REVIEW

■ Our review of this case is limited to an examination of the district court's legal conclusion that DLS's violations of the UAPA required reinstatement of Brinkerhoff's driving privileges. Therefore, we review the trial court's conclusions of law under a correction-of-error standard. *Scharf v. BMG Corp.,* 700 P.2d 1068, 1070 (Utah 1985); *Stewart v. Coffman,* 748 P.2d 579, 580-81 (Utah Ct.App.1988).

## NOTICE UNDER SECTION
### 63-46b-3(2)(a)(v)

The first question before us is whether the administrative suspension of Brinkerhoff's driver's license should have been reversed because of DLS's failure to include in its notice of hearing whether the DLS license revocation hearing was formal or informal pursuant to Utah Code Ann. § 63-46b-3(2)(a)(v) (1989). Section 63-46b-3(2)(a) states:

> The notice of agency action shall be in writing, signed by a presiding officer, and shall include:
>
> ....
>
> (v) a statement of whether the adjudicative proceeding is to be conducted informally according to the provisions of rules adopted under Sections 63-46b-4 and 63-46b-5, or formally according to the provisions of Sections 63-46b-6 to 63-46b-11....

■ It is axiomatic in our adversary system that a party must raise an objection in an earlier proceeding or waive its right to litigate the issue in subsequent proceedings. *Lopez v. Schwendiman,* 720 P.2d 778, 781 (Utah 1986) (appellate court will not review error when no objection is made at trial level); *Condas v. Condas,* 618 P.2d 491, 495 n. 8 (Utah 1980) ("Defects curable at trial cannot be relied upon by a party if the trial court has had no opportunity to rule thereon.") (citing *Dugger v. Cox,* 564 P.2d 300 (Utah 1977)); *Sanders v. Cassity,* 586 P.2d 423, 427 (Utah 1978).

This principle is not limited to the trial court setting, but applies equally to administrative hearings. *State ex rel. M.S.,* 781 P.2d 1289, 1290 (Utah Ct.App.1989); *Paul v. City of Manhattan,* 212 Kan. 381, 511 P.2d 244, 249 (1973) (objections to proceedings of an administrative agency must be made while it has an opportunity to correct them); *Dry v. Pauls Valley Health Care Facility,* 771 P.2d 238, 239-40 (Okla.1989) (failure to object to admission of evidence at workers' compensation hearing constituted waiver); *In re Adoption of D.M.J.,* 741 P.2d 1386, 1389 (Okla.1985) (no prejudice from deficient notice found after party appeared, fully participated in hearing, and never raised objection to notice).

Both parties agree that the notice of hearing sent to Brinkerhoff did not advise him whether the hearing was to be formal or informal. Brinkerhoff first learned that the hearing would be informal when, at the beginning of the hearing, Brinkerhoff's attorney asked the hearing officer whether the hearing would be formal or informal. The hearing officer informed Brinkerhoff that the hearing would be informal. Brinkerhoff did not object at this time either to the notice he had received of the hearing or to an informal proceeding. Furthermore, Brinkerhoff never requested a continuance of the hearing because of this allegedly inadequate notice. In fact, the record shows that Brinkerhoff was present at the hearing ready to proceed and fully participated in the informal hearing. Brinkerhoff first complained of inadequate notice during his attorney's closing argument.

■ Brinkerhoff's failure to object to the manner of notice or type of hearing at the beginning of the suspension hearing when he was clearly informed that the proceeding would be conducted informally precludes him from claiming error in this appeal.[3]

---

**3.** Brinkerhoff's allusion to the deficient notice during closing argument was not a timely objection because it did not give the hearing officer

■ Further, in viewing all the facts in the light most favorable to Brinkerhoff, we can find no prejudice. *Harris v. Utah Transit Auth.*, 671 P.2d 217, 222–23 (Utah 1983); *Moore v. Burton Lumber & Hardware Co.*, 631 P.2d 865, 868 (Utah 1981). Brinkerhoff neither below nor on appeal articulates how he was prejudiced by DLS's failure to notify him in the notice of hearing that the hearing was going to be informal. It seems clear that no prejudice would ordinarily occur when an informal hearing is held under the UAPA because the litigant has an absolute right to a trial de novo before the district court. In this trial de novo, Brinkerhoff was able to present his entire case before a new tribunal for an independent decision. Based upon the foregoing, we find the trial court erred in revoking the order of suspension on the basis that the notice of hearing sent by DLS did not state whether the administrative hearing was to be formal or informal as required by Utah Code Ann. § 63–46b–3(2)(a)(v) (1989).

### REASONS FOR THE DECISION UNDER SECTION 63–46b–5

Brinkerhoff also alleges that DLS violated Utah Code Ann. § 63–46b–5(1)(i) (1989) by failing to set forth specific reasons for its suspension of his driving privileges. This statute states, in pertinent part, that "[w]ithin a reasonable time after the close of an informal adjudicative proceeding, the presiding officer shall issue a signed order in writing that states the following: ... (ii) the reasons for the decision."

■ We dispose of this issue on similar grounds. First, Brinkerhoff failed to raise an objection so as to allow DLS to cure any defect, and second, Brinkerhoff does not claim, let alone demonstrate, that he was prejudiced by any alleged error.

The record below shows that Brinkerhoff made no request of DLS to provide him with more specific reasons for the suspension of his license. As stated above, a failure to object to an error and allow a tribunal to correct its error precludes an appellant from asserting the issue on appeal. *Lopez v. Schwendiman*, 720 P.2d 778, 781 (Utah 1986); *Condas v. Condas*, 618 P.2d 491, 495 n. 8 (Utah 1980).

Finally, Brinkerhoff does not allege, and cannot show, prejudice because, under the statutory scheme, he was allowed a trial de novo after which the trial court has the responsibility to enter findings of fact and conclusions of law justifying its decision.

In summary, the trial de novo cured any technical procedural errors occurring at the informal DLS hearing. The purpose of allowing an agency to choose an informal hearing procedure would be defeated if technical, non-prejudicial, procedural errors were sufficient to overturn the agency action. The statutory trial de novo is the proper remedy to cure these non-prejudicial errors.

We find that Brinkerhoff failed to object and preserve his alleged errors. Furthermore, we hold that the trial de novo in the district court provided by the UAPA eliminated any prejudice to defendant. We therefore reverse and remand for entry of an order to reinstate DLS's suspension of Brinkerhoff's driving privileges.

DAVIDSON and BENCH, JJ., concur.

---

an opportunity to order a continuance to reme-

dy any problem with notice.