Rodney Farrell KIRK, D.D.S.,
Plaintiff and Appellant,

v.

The DIVISION OF OCCUPATIONAL
AND PROFESSIONAL LICENSING,
DEPARTMENT OF COMMERCE,
STATE OF UTAH, Defendant and Appellee.

No. 900474–CA.

Court of Appeals of Utah.

July 9, 1991.

Joseph E. Hatch, P.C., Salt Lake City, for plaintiff and appellant.

R. Paul Van Dam, State Atty. Gen., David W. Lund, Asst. Atty. Gen., Tax & Business Regulation Div., Salt Lake City, for defendant and appellee.

Before GARFF, JACKSON and ORME, JJ.

## OPINION

JACKSON, Judge:

Rodney Farrell Kirk (Kirk) sought judicial review of the denial by the Division of Occupational and Professional Licensing (Division) of Kirk's application for licensure to practice dentistry in Utah. The district court granted summary judgment in favor of the Division on the ground of res judicata. We reverse.

## FACTS

In May 1984, Kirk graduated from the Chicago College of Dental Surgery at Loyola University and subsequently passed the Northeast Regional Board (NERB) dental examination. Kirk was granted a license to practice dentistry in Illinois. In June 1984, Kirk took the Western Regional Ex-

amining Board (WREB) dental examination, passage of which is a prerequisite to licensure as a dentist in Utah. Kirk did not receive a passing score on the WREB examination. Kirk appealed twice to the WREB concerning the grading of the examination, but the WREB denied his appeals.

Despite failing the WREB examination, Kirk filed an application for licensure to practice dentistry in Utah with the Division on December 9, 1986. The Utah Dentists and Dental Hygienists Board (Dental Board) met with Kirk on January 14, 1987 to discuss his application. The Dental Board subsequently denied Kirk's application on the ground that Kirk had not successfully passed the WREB examination.

Kirk's first petition for a Special Appeals Board (SAB) to review his case was denied by the Utah Department of Business Regulation (now the Department of Commerce, hereinafter Department). After reconsidering its denial at Kirk's request, the Department granted Kirk's petition to convene an SAB. On June 18, 1987, an SAB was convened to review Kirk's application for licensure. The SAB unanimously upheld the Dental Board's denial of licensure due to Kirk's failure to pass the WREB examination. Kirk then appealed the SAB's decision to the district court. On December 21, 1987, the district court affirmed the SAB's denial of licensure.

On July 17, 1988, Kirk filed a second application for licensure as a dentist, this time on the basis of reciprocity. The Division denied his application on September 21, 1988. The Department also denied Kirk's request that a SAB be convened to review denial of the July 1988 application. On July 7, 1989, Kirk petitioned the district court to review by trial de novo the Division's September 1988 denial of licensure by reciprocity. The Division's motion for summary judgment on the ground of res judicata was granted. This appeal followed.

## STANDARD OF REVIEW

When reviewing a grant of summary judgment, we analyze the facts and infer- ences in the light most favorable to the losing party and affirm only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Utah R.Civ. P. 56(c); *Silcox v. Skaggs Alpha Beta, Inc.*, 814 P.2d 623, at 624 (Utah App.1991). "We review the trial court's conclusions of law for correctness." *Provo City Corp. v. State of Utah Dep't of Transp.*, 795 P.2d 1120, 1121 (Utah 1990); *W. & G. Co. v. Redevelopment Agency*, 802 P.2d 755, 761 (Utah App. 1990).

## ANALYSIS

The Division's motion for summary judgment was granted on the ground of res judicata in that Kirk failed to raise reciprocity as a basis for licensure during proceedings before the SAB and district court at the time of his first application. On appeal, Kirk and the Division dispute the application of res judicata to administrative proceedings. While we agree that res judicata can apply to administrative proceedings, we do not believe that it should be applied to the case at bar.

In Utah, "the principles of res judicata apply to enforce repose when an administrative agency has acted in a judicial capacity in an adversary proceeding to resolve a controversy over legal rights." *Utah Dep't of Admin. Servs. v. Public Serv. Comm'n*, 658 P.2d 601, 621 (Utah 1983). In determining when res judicata applies to administrative proceedings, the focus is on the judicial nature of the proceedings:

When an agency conducts a trial-type hearing, makes findings, and applies the law, the reasons for treating its decision as res judicata are the same as the reasons for applying res judicata to a decision of a court that has used the same procedure. But the formality may be diminished in any degree, and when it is sufficiently diminished, the administrative decision may not be res judicata. *The starting point in drawing the line is the observation that res judicata ap-*

*plies when what the agency does resembles what a trial court does.*

4 K. Davis, *Administrative Law Treatise* § 21:3 (2d ed. 1983) (emphasis added). Both Kirk's and the Division's arguments focus on the line-drawing aspect of whether the hearing before the SAB resembled a proceeding before a judicial court. Kirk argues that the SAB hearing did not resemble what a trial court does; thus, there was no "first hearing" to which res judicata could attach. The Division, on the other hand, argues that full res judicata effect was properly given by the trial court to the SAB hearing.

### Kirk's First Application

The SAB reviewed Kirk's first application for licensure in 1987, before the Utah Administrative Procedures Act (UAPA) became effective. *See* Utah Code Ann. § 63–46b–22(1) (1989). Pre–UAPA proceedings before an SAB were governed by Utah Code Ann. § 58–1–17(3) (1986): "The special appeals board shall proceed informally to investigate and hear the grievance of an applicant whose grievance has been submitted to it by the executive director, and is not bound by formal rules of evidence." The record suggests that the SAB did proceed informally when it received evidence and reviewed Kirk's first application for licensure. There were no written findings of fact, no written conclusions of law, and the hearing itself was not recorded. The only "record" of the SAB's hearing is contained in a brief letter [1] informing Kirk that the SAB unanimously

1. The letter stated that Kirk had adequate notice of Utah's requirements for licensure as a dentist, including passage of the WREB; that no collusion occurred between examiners on grading the "treatment portion of the perio examination" of the WREB; and that even if the treatment portion was disregarded, Kirk still failed the WREB because he received a score of eight or less in three "line sections."

2. "Informality" in this context is not the equivalent of "informal proceedings" defined by UAPA. Under UAPA, an agency can designate adjudicative proceedings as "formal" or "informal." *See* Utah Code Ann. § 63–46b–4 (1989). Informal adjudicative proceedings are conducted with comparatively relaxed procedures while formal adjudicative procedures are more rigor-

affirmed the Dental Board's denial of licensure.

Given the informal nature [2] in which this hearing was conducted, we cannot conclude that it afforded Kirk the rights and procedural safeguards that must be present when an agency acts in a judicial capacity conducting a trial-type hearing. For this reason, res judicata could not attach to the proceeding before the SAB.[3]

### Kirk's Second Application

On July 17, 1988, Kirk filed a second application for licensure as a dentist, this time on the basis of reciprocity. Reciprocal licensure is governed by Utah Code Ann. § 58–1–12 (1990):

> The division may issue a license without examination to a person who has been licensed in any state, district, or territory of the United States or in any foreign country, whose education, experience, and examination requirements are, or were at the time the license was issued, equal to those of this state.

On September 21, 1988, the Division denied Kirk's application, stating that all applications for licensure by reciprocity, other than for those who successfully passed the WREB examination, had been denied in the past. Kirk's request for a SAB to review his application for licensure by reciprocity was also denied by the Department. Kirk then sought review by trial de novo in the district court.

ous. *See* Utah Code Ann. §§ 63–46b–5 to –10 (1989).

3. Neither Kirk nor the Division address whether res judicata is applicable to the review of the SAB's decision by the district court. In its December 21, 1987 decision, the district court stated that it was sitting only as a court of appeal and that its standard of review was whether the SAB's order was "arbitrary and capricious, an abuse of discretion, or contrary to law." Utah Code Ann. § 58–1–19 (1986). The district court, limited by statute to reviewing the SAB's three paragraph "record" on Kirk's failure of the WREB examination, found that there was a rational and reasonable basis for the SAB's decision and affirmed the SAB's order denying Kirk licensure.

Unlike Kirk's first application, UAPA applies to Kirk's second application. The type of judicial review an applicant is entitled to under UAPA is governed by the nature of the hearing afforded by the agency. The district court has jurisdiction to review by trial de novo all final agency action resulting from informal adjudicative proceedings, whereas the supreme court or court of appeals has jurisdiction to review all final agency action resulting from formal adjudicative proceedings. *See* Utah Code Ann. §§ 63–46b–15(1)(a) (Supp.1991), 63–46b–16(1) (1989). In this way, UAPA ensures that each applicant has the opportunity to have a formal hearing before the agency, or a de novo review by the district court.

Under UAPA, an agency designates whether certain proceedings are informal or formal. Utah Code Ann. § 63–46b–4 (1989). The Division's September 1988 denial of licensure was an informal proceeding, according to Utah Code Admin.P. R153–46b–2(B) (1991):

> Any adjudicative proceedings as to the following matters shall be conducted on an informal basis:
>
> 1. The application for, and issuance or denial of, an initial license, certificate, registration, permit or other authority to engage in a profession or occupation, including any application by a person whose license, certificate, registration, permit or other authority to engage in a profession or occupation was revoked.

Because we have determined that there was no formal hearing to which res judicata has attached, the district court erred in declining a de novo review of Kirk's claim to licensure by reciprocity. Because at no time did the agency conduct a proceeding on Kirk's application that was sufficiently judicial in nature, and because Kirk has not yet had the Division's action reviewed in a "trial-type hearing," he is not precluded from a review on the merits by the district court.

We note, however, that by the very terms of Utah Code Ann. § 58–1–12 (1990), the issue of reciprocal licenses is discretionary. Kirk, by his own admission, is precluded from relitigating the issue of whether he successfully passed the WREB examination. The only remedy Kirk seeks from a de novo review is the opportunity to argue that he is qualified under the requirements of section 58–1–12 and that any denial of licensure to him by the Division would necessarily constitute an abuse of discretion.

## CONCLUSION

The district court's grant of summary judgment is therefore reversed and the case is remanded for proceedings consistent with this opinion.

GARFF and ORME, JJ., concur.