SOUTHERN UTAH WILDERNESS AL-
LIANCE, a Utah nonprofit corporation;
Michael F. Heyrend as natural parent
and general guardian of Natalie Hey-
rend, a minor; Robyn Evans Petty, nat-
ural parent and general guardian of
Gray Evans Petty, Shannon Evans Pet-
ty, and Miles Cottam Petty, minors;
and Utah Professional Archaeological
Council, Petitioners,

v.

BOARD OF STATE LANDS AND FOR-
ESTRY OF THE STATE OF UTAH,
Division of State Lands and Forestry,
Thomas E. Johnson, and Shelton K.
Johnson, Respondents.

No. 910129.

Supreme Court of Utah.

Feb. 27, 1992.

Wayne G. Petty, Michael F. Heyrend,
Salt Lake City, for Southern Utah Wilder-
ness Alliance and all individual plaintiffs.

Claudia F. Berry, Salt Lake City, for
Utah Archaeological Council.

R. Paul Van Dam, Steven F. Alder,
David S. Christensen, Salt Lake City, for
Board of State Lands & Forestry.

DURHAM, Justice:

This case involves a challenge to the sale
of a parcel of public land by the Division of
State Lands and Forestry. At issue is
whether jurisdiction over review of such a
sale lies in the district court or in this
court. We hold that pursuant to Utah
Code Ann. § 78-2-2(3)(e)(iii), this court
does not have jurisdiction over this review
because the agency action at issue was not
a final order or decree from a formal adju-
dicative proceeding. See Utah Code Ann.
§ 78-2-2(3)(e)(iii) (Supp.1991). Consequent-
ly, we dismiss this case for lack of jurisdic-
tion.

On September 19, 1989, the Division of
State Lands and Forestry received an appli-
cation for the purchase of eighty acres of
state trust lands located in Grand County.
Pursuant to Division rules governing the
sale of state lands, see Utah Admin.R. 632–

80 (1990), the Division notified adjoining property owners and lessees. It also provided notice to, and requested comments from, various other parties, including petitioners Southern Utah Wilderness Alliance (SUWA) and the Utah Professional Archaeological Council (UPAC).

Subsequently, the Division prepared a record of decision (ROD), setting forth the agency action, the factual background, the statutes and rules authorizing agency action, the Division's conclusions, and the procedures for reviewing the decision. The Division director executed the ROD on November 30, 1990.

Thereafter, the Division set a time and place for a public sale of the property. On February 19, 1991, the day before the scheduled sale, SUWA delivered to the Division written objections to the sale and requested that the sale be cancelled. On February 20, 1991, the sale was held, and on February 25, 1991, a certificate of sale was executed. On March 6, 1991, petitioners by letter asked the Board for review of the sale. On March 11, 1991, the director notified petitioners that the request for Board review had not been filed within the time required by the rule. On March 22, 1991, petitioners filed their petition for writ of review with this court and also filed a complaint in the Third District Court for Salt Lake City.

Respondents challenge the jurisdiction of this court. They contend that when dealing with matters originating with the Board of State Lands, this court has jurisdiction only over final orders arising out of formal adjudicative proceedings or decrees arising out of formal adjudicative proceedings. *See* Utah Code Ann. § 78–2–2(3)(e)(iii) (Supp.1991). The proceeding at issue, they argue, was an informal adjudicative proceeding, and thus, this court lacks jurisdiction over the petition.[1]

██ Every court has the power to determine the extent of its own jurisdiction. *See Thomas v. District Court,* 110 Utah 245, 171 P.2d 667, 675 (1946). This court's jurisdiction is established by the Utah Constitution and by statute. *See* Utah Const. art. VIII, § 3; Utah Code Ann. § 78–2–2 (Supp.1991); *City of Monticello v. Christensen,* 788 P.2d 513, 518 (Utah), *cert. denied,* —— U.S. ——, 111 S.Ct. 120, 112 L.Ed.2d 89 (1990). In the absence of a specific statute granting us jurisdiction over a writ of review from an agency proceeding, we have no jurisdiction. *DeBry v. Salt Lake County Bd. of Appeals,* 764 P.2d 627, 628 (Utah Ct.App.1988).

██ As a threshold matter, we must decide whether the Utah Administrative Procedures Act (UAPA) applies to this agency proceeding. Section 63–46b–1(2)(g) of UAPA provides that UAPA does not apply to

> state agency actions relating to management of state funds, and *contracts for the purchase or sale of* products, *real property,* supplies, goods or services by or for the state, or by or for an agency of the state, *except as provided in such contracts, or judicial review of those actions.*

Utah Code Ann. § 63–46b–1(2)(g) (Supp. 1991) (emphasis added). The plain language of this provision exempts agency proceedings relating to the purchase and sale of real property from the purview of UAPA. It similarly excludes such proceedings from the judicial review provisions of UAPA.

The State interprets the above subsection to mean that UAPA provisions *do not* apply to actions relating to the purchase or sale of real property but *do* apply to judicial review of such sales. We disagree. The comma separating the clauses "except as provided in such contracts, or judicial review of those actions" indicates that the word "except" modifies only "as provided

---

**1.** The State also contends that this court lacks jurisdiction because the proceedings at issue occurred before the *Division* of State Lands and Forestry rather than the *Board* of State Lands and Forestry, as required in Utah Code Ann. § 78–2–2(3)(e)(iii). We decline to reach this question. This court lacks jurisdiction over the instant case because the proceedings below were informal rather than formal. We are thus without jurisdiction, whether the proceedings occurred before the Board or the Division.

in such contracts" but does not modify "or judicial review of those actions." Furthermore, a reading of subsection (2) in its entirety makes clear that the phrase "or judicial review of those actions" was intended to exempt the actions described in that subsection from the judicial review provisions of UAPA. A number of exemptions listed in other parts of subsection (2) end with identical language to that found in subsection (2)(g) ("or judicial review of those actions"). *See* Utah Code Ann. § 63-46b-1(2)(a), (c), (d), (e), & (j) (Supp.1991). These related subsections unambiguously provide that UAPA judicial review provisions do not apply to the exempted activity. Thus, section 63-46b-1(2)(g) specifies that UAPA governs neither the transaction itself nor judicial review of that transaction.

Our analysis does not end with an examination of section 63-46b-1(2)(g), however. A separate title specifically governing actions of the Board and the Division of State Lands mandates that "[b]oard review of final agency action and judicial review of final board action shall be governed by Chapter 46b, Title 63, Administrative Procedures Act." Utah Code Ann. § 65A-1-7(5) (Supp.1991). Thus, section 65A-1-7(5) conflicts with UAPA's exclusion of the sale of state lands from its judicial review provisions. Given the rule of statutory construction that the specific governs the general, *see Pan Energy v. Martin*, 813 P.2d 1142, 1145 (Utah 1991); *Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214, 216 (Utah 1984), the language in title 65A controls. We therefore hold that notwithstanding subsection 63-46b-1(2)(g)'s exclusion, UAPA governs judicial review of agency proceedings of the Board or Division of State Lands and Forestry involving the purchase or sale of real property.

■ Having determined that UAPA applies to the proceeding at issue, we now move to an analysis of section 78-2-2(3) and (6) of the judicial code, which governs this court's appellate jurisdiction over administrative proceedings. Section 78-2-2(3)(e)(iii) of the judicial code provides:

(3) The Supreme Court has appellate jurisdiction, including jurisdiction of interlocutory appeals over:

...;

(e) final orders and decrees in formal adjudicative proceedings originating with:

...;

(iii) the Board of State Lands and Forestry.

Utah Code Ann. § 78-2-2(3)(e)(iii) (Supp. 1991). SUWA contends that the phrase "formal adjudicative proceedings" modifies only the word "decrees" and that the term "final orders" should be read independently. Therefore, SUWA argues, this court has jurisdiction over decrees in formal adjudicative proceedings originating with the Board and over all final orders from any proceeding originating with the Board—regardless of whether those orders arose from formal adjudicative proceedings. We find this argument unpersuasive.

Any ambiguity in section 78-2-2(3)(e) is resolved by a review of several related jurisdictional statutes. Subsection 78-2-2(6) of the Supreme Court's jurisdictional statute mandates that the Supreme Court comply with UAPA requirements in reviewing agency adjudicative proceedings. Utah Code Ann. § 78-2-2(6) (Supp.1991). UAPA's judicial review provision pertaining to Supreme Court review of agency actions states, "As provided by statute, the Supreme Court or the Court of Appeals has jurisdiction to review all final agency action resulting from formal adjudicative proceedings." Utah Code Ann. § 63-46b-16(1) (1989). The language in this provision does not condition this court's jurisdiction on whether the action from which a party seeks review is a final order or a decree. Instead, it mandates that this court review all actions from formal adjudicatory proceedings.

Additionally, subsection 63-46b-15(1)(a) of UAPA provides, "The *district courts* shall have jurisdiction to review by trial de novo all final agency actions resulting from *informal* adjudicative proceedings." Utah Code Ann. § 63-46b-15(1)(a) (Supp.1991) (emphasis added); *cf.* Utah Code Ann.

§ 78–3–4(5) (district courts have jurisdiction to review agency action as set forth in UAPA). The language in UAPA is consistent with that found in this court's jurisdictional statute. Subsection 78–2–2(3)(f) of the judicial code gives the Supreme Court jurisdiction over "final orders and decrees of the *district court* review of *informal* adjudicative proceedings of agencies." Utah Code Ann. § 78–2–2(3)(f) (Supp.1991) (emphasis added).

These provisions make clear that this court has jurisdiction over all dispositive orders arising from formal adjudicative proceedings, while the district courts have jurisdiction over final agency actions resulting from informal proceedings. Policy considerations underscore the wisdom of vesting jurisdiction with the Supreme Court only for formal proceedings. It is far more efficient for this court to consider actions for which there is a complete record to review. Formal proceedings, which allow the opportunity for fuller discovery and fact finding, are more likely to result in an adequate record for review. Consequently, we hold that section 78–2–2(3)(e)(iii) confers jurisdiction in the Supreme Court only over final orders and decrees that originate in formal adjudicative proceedings.

■ Thus, this court's jurisdiction over the instant case depends on whether the proceeding below was a formal or an informal adjudicative proceeding. Section 63–46b–4(1) of UAPA permits agencies to designate certain categories of adjudicative proceedings as informal, provided they comply with the criteria contained therein. Utah Code Ann. § 63–46b–4(1) (1989). The Division of State Lands and Forestry has made such designations.

The rules promulgated by the Division of State Lands and Forestry indicate that all requests for agency adjudications and all adjudications actually commenced by the agency are initially designated as informal adjudications. *See* Utah Admin.R. 632–8–1 to –2 (1990). The rules further provide, "Agency adjudications include actions relating to ... sales contracts." *Id.* R. 632–8–2(2). Thus, the Division's rules desig-

nate the contract for the purchase and sale of real property at issue as an informal proceeding.

All agency rules that designate one or more categories of adjudicative proceedings as informal must comply with the criteria outlined in section 63–46b–4(1) and section 63–46b–5(1) of UAPA. Nothing in the record indicates that the Division's rules designating the proceeding at issue as informal do not comply with section 63–46b–4(1). In fact, the Division's rules explicitly refer to the requirements in section 63–46b–5 and mandate that all categories of informal adjudicative proceedings comply with those criteria. Thus, absent a challenge, we assume that the Division's rules designating the proceeding at issue as informal are valid. Consequently, jurisdiction of this matter lies in the district court pursuant to sections 78–3–4(5) and 63–46b–15(1), and we dismiss this case for lack of jurisdiction.

HALL, C.J., and HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.