**Judy A. CORDOVA, Plaintiff and Appellee,**

v.

**G. Barton BLACKSTOCK, Bureau Chief, Records Bureau, Drivers License Division, Defendant and Appellant.**

**No. 920370–CA.**

Court of Appeals of Utah.

Oct. 13, 1993.

---

Jan Graham and Thom D. Roberts, Salt Lake City, for defendant and appellant.

Herschel Bullen, Salt Lake City, for plaintiff and appellee.

Before BENCH, GREENWOOD and JACKSON, JJ.

JACKSON, Judge:

The Department of Public Safety, Drivers License Division (the Department) appeals the district court's grant of plaintiff's motion to vacate and set aside the administrative order of the Department based upon the "residuum of competent evidence rule."[1] We reverse and remand.

## FACTS

The facts in this case are undisputed. On January 24, 1992, Judy Cordova was arrested for driving under the influence of an intoxicating beverage. The arresting officer requested that she submit to a chemical breath test and she agreed to do so. The test results indicated that her breath-alcohol content was 0.169 percent. The arresting officer served Cordova with notice of intention to suspend her driving privileges in accordance with Utah Code Ann. § 41–2–130(3) (Supp.1992). The Department granted Cordova's request for a presuspension hearing, which was scheduled for February 19, 1992. The Department notified Cordova of the hearing by first class mail on February 6, 1992. Cordova, her attorney, and the arresting officer did not appear for the hearing. The hearing officer reviewed the Department's file which included the DUI report form, the notice of citation and intent to suspend, the completed intoxilyzer operational check list, and the intoxilyzer result card. The hearing officer also reviewed the Department's record of the intoxilyzer maintenance check which took place just two days before Cordova's arrest. Based on his review of the file,[2] the hearing officer made the following findings:

1. The Utah Supreme Court has determined that there are "significant differences between court trials and proceedings before administrative agencies and that the technical rules of evidence need not be applied before the latter." *Yacht Club v. Utah Liquor Control Comm'n,* 681 P.2d 1224, 1226 (Utah 1984) (footnote omitted). Hearsay evidence is admissible in proceedings before administrative agencies. *Id.* However, findings of fact cannot be based *exclusively* on hearsay evidence; they must be supported by a residuum of legal evidence competent in a court of law. *Id.*

2. According to Utah Code Ann. § 63–46b–5(1)(j) (1989), "[t]he presiding officer's order shall be based on the facts appearing in the agency's files and on the facts presented in evidence at any hearings." As there was no one to present evidence at the hearing, the presiding officer relied solely on the record.

There was a reason to make the initial stop of the Petitioner, i.e., excessive speed. There was reasonable suspicion that the Petitioner was DUI, i.e., her admission that she had been drinking, odor of alcohol, slurred and slowed speech, impaired balance and Nystagmus in both eyes. She was properly warned and took the breath test. There is a check list for the breath machine in evidence, showing that all procedures were followed and a test result card with breath sample showing .169 BrAC and no indication that there were problems with the test or machine. The preponderance of evidence would support a suspension in this case.

Based on these findings, the Department suspended Cordova's driving privileges.

Cordova sought review of the decision by the district court. Instead of reviewing the Department's decision by conducting a trial de novo, the district court heard arguments from both sides on whether the residuum rule applied to the agency proceeding and whether it was followed. After concluding that the rule applied, but was not followed, the district court granted Cordova's motion to vacate the administrative order and did not conduct a full trial. The district court concluded that it "is not compelled to hold a trial de novo in all cases." The Department appealed the district court's order.

## ISSUES

The Department argues the district court erred in failing to conduct a trial de novo. It further contends Cordova cannot argue for the first time in district court that the residuum rule was breached in the agency proceeding. Finally, the Department argues that if the residuum rule does apply, there was in fact a residuum of legally competent evidence on which the Department could base its decision. Because it is dispositive, we address only the first issue.

## ANALYSIS

The Utah Administrative Procedures Act[3] (UAPA) allows agencies to promul-

gate rules designating that certain adjudicative proceedings be conducted informally. Utah Code Ann. § 63–46b–4(1) (1989). The Department of Public Safety has determined by rule that "[a]ll [drivers license division] adjudicative actions except actions mandated by statute are designated to be informal proceedings unless converted to formal in the discretion of the presiding officer or supervisor." Utah Code.Admin.P. R708–17–6 (1992). The Department proceeded with an informal hearing at Cordova's request and issued its decision.

### District Court Review

Because this action was commenced after January 1, 1988, the district court's review of the Department's decision is governed by UAPA. *See Albertsons, Inc. v. Department of Employment Sec.*, 854 P.2d 570, 573 (Utah App.1993). Under UAPA, "the district courts shall have jurisdiction to review by *trial de novo* all final agency actions resulting from informal adjudicative proceedings." Utah Code Ann. § 63–46b–15(1)(a) (1989 & Supp.1993) (emphasis added).

■ This provision requires that the district court's review of informal adjudicative proceedings be accomplished by holding a new trial, not just by reviewing an informal record. *See Brinkerhoff v. Schwendiman*, 790 P.2d 587, 588 (Utah App.1990) (noting plaintiff was able to present entire case in trial de novo). UAPA's statutory scheme ensures that "each applicant has the opportunity to have a formal hearing before the agency, or a [trial] de novo review by the district court." *Kirk v. Division of Occupational Licensing*, 815 P.2d 242, 245 (Utah App.1991); Utah Code Ann. §§ 63–46b–15(1)(a) and –16(1) (1989 & Supp.1993). One reason for this statutory scheme is that appellate courts need a complete record in order to review adjudication. *Southern Utah Wilderness Alliance v. Board of State Lands*, 830 P.2d 233, 236 (Utah 1992). Formal proceedings "allow the opportunity for fuller discovery and fact finding, [and] are

---

**3.** Utah Code Ann. § 63–46b–0.5 to –22 (1989 & Supp.1993).

more likely to result in an adequate record for review." *Id.* Thus UAPA vests jurisdiction to review *only formal* agency proceedings with the supreme court or the court of appeals. *Id.;* Utah Code Ann. § 63–46b–16(1) (1989). Conversely, informal proceedings are less likely to result in an adequate record. The review of an informal agency proceeding by a new trial at the district court level ensures that an adequate record will be created. Only then can this state's appellate courts properly review an informal administrative proceeding.

In addition to the need for an established adequate record, review of an informal agency proceeding by trial allows the district court to consider and act on any deficiencies that might arise by nature of the informality of the agency hearing. In *Brinkerhoff,* the plaintiff claimed he was prejudiced by the Division of Driver License Services because it failed to inform him of whether his hearing was formal or informal. 790 P.2d at 588. The *Brinkerhoff* court stated: "It seems clear that no prejudice would ordinarily occur when an informal hearing is held under the UAPA because the litigant has an absolute right to a trial de novo before the district court." *Id.* at 590. A simple examination of the agency's informal record by the district court would not provide the opportunity to correct any deficiencies and prejudice as would a trial. Accordingly, the district court does not have discretion to review an informal adjudicative proceeding by any method other than a trial de novo, as mandated by UAPA.

## CONCLUSION

 UAPA requires the district court to review an informal adjudicative proceeding by trial de novo. Because it did not, we reverse and remand this case to the district court for a trial in accordance with this opinion.

BENCH and GREENWOOD, JJ., concur.