2003 UT App 38

**Michael C.W. HESS, Petitioner and Appellant,**

v.

**G. Barton BLACKSTOCK, Bureau Chief, State of Utah, Driver License Division, Respondent and Appellee.**

No. 20010621–CA.

Court of Appeals of Utah.

Feb. 13, 2003.

D. Bruce Oliver, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Rebecca D. Waldron, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before Judges BENCH, DAVIS and ORME.

## OPINION

BENCH, Judge:

¶ 1 Appellant Michael Hess challenges the trial court's affirmance of the Driver License Division's (Division) suspension of his driver license. He argues that the suspension process did not afford him due process of law because the Division's procedures do not comply with the Utah Administrative Procedures Act (UAPA). We affirm.

## BACKGROUND

¶ 2 Hess was arrested for Driving Under the Influence of Alcohol (DUI). Pursuant to Utah Code Ann. § 53–3–223 (2002), the arresting officer served Hess with a notice of the Division's intent to suspend or revoke his permanent driving privilege. The notice informed Hess that he had a right to a hearing if he requested one. When Hess did not request a hearing, the Division suspended his driver license for one year. Hess appealed his suspension to the Second District Court, alleging that the Division lacked jurisdiction to suspend his license because it had not properly initiated the suspension process pursuant to Utah Code Ann. § 63–46b–3 (1997 and Supp.2002). The district court concluded that the procedure in section 53–3–223 qualified as an emergency action, and was, therefore, exempt from the require-

ments of section 63–46b–3. Defendant now appeals the district court's affirmance.

## ISSUE AND STANDARD OF REVIEW

■ ¶3 Hess argues that the trial court erred in determining that the suspension process pursuant to section 53–3–223 did not need to comply with the requirements of section 63–46b–3. We review the trial court's statutory interpretation under a "correction-of-error" standard. *Brinkerhoff v. Schwendiman*, 790 P.2d 587, 589 (Utah Ct. App.1990).

## ANALYSIS

■ ¶4 Hess argues that the Division did not properly commence the administrative action in accordance with the provisions in UAPA, thus his driver license should not have been suspended. We disagree. Administrative actions are generally governed by UAPA, as codified in Utah Code Ann. § 63–46b–1 to –23 (1997 and Supp.2002). Section 63–46b–3(1) (Supp.2002) explains how an adjudicative proceeding is to be commenced, "[e]xcept as otherwise permitted by Section 63–46b–20." *Id.* Section 63–46b–20 provides:

> (1) An agency may issue an order on an emergency basis without complying with the requirements of this chapter if:
>
>> (a) the facts known by the agency or presented to the agency show that an immediate and significant danger to the public health, safety, or welfare exists; and
>>
>> (b) the threat requires immediate action by the agency.

Utah Code Ann. § 63–46b–20 (1997).

¶5 Utah Code Ann. § 53–3–221 (2002) specifically exempts the Division from compliance with section 63–46b–3 as it relates to the administrative action involved in suspending a driver license based on a DUI arrest. It provides, in part:

> (1) By following the emergency procedures in Title 63, Chapter 46b, Administrative Procedures Act, the division may immediately deny, suspend, disqualify, or revoke the license of any person without hearing and without receiving a record of the person's conviction of crime when the division has been notified or has reason to believe the person:
>
>> (a) has committed any offenses for which mandatory suspension or revocation of a license is required upon conviction under Section 53–3–220.

Utah Code Ann. § 53–3–221(1). Utah Code Ann. § 53–3–220(1)(a) (ii) (2002) identifies "driving or being in actual physical control of a motor vehicle while under the influence of alcohol . . . to a degree that renders the person incapable of safely driving a motor vehicle" as one of the offenses for which revocation, denial, or suspension is mandatory.

¶6 Section 63–46b–20 also provides that "[i]f the emergency order issued under this section will result in the continued infringement or impairment of any legal right or interest of any party, the agency shall commence a formal adjudicative proceeding." Utah Code Ann. § 63–46b–20(3). Section 53–3–221, however, specifies a different procedure. Once an individual's license is suspended pursuant to that section, "the division shall immediately notify the licensee in a manner specified by the division and afford him an opportunity for a hearing in the county where the licensee resides." Utah Code Ann. § 53–3–221(5)(a)(i). Section 53–3–223 directs the arresting officer to "supply to the driver, on a form to be approved by the division, basic information regarding how to obtain a prompt hearing before the division." Utah Code Ann. § 53–3–223(4)(a)(iii). The statute then provides that "[u]pon request in a manner specified by the division, the division shall grant to the person an opportunity to be heard within 29 days after the date of arrest. The request to be heard shall be made within ten calendar days of the date of the arrest." Utah Code Ann. § 53–3–223(6)(a). Notice of an individual's right to a hearing is contained in the DUI citation form. It explains that "[f]ailure to properly request a hearing or to appear for a hearing, may result in loss of driving privilege." Thus, for this type of proceeding, the individual against whom action is taken has the responsibility to request a hearing contesting the emergency order. Because section 53–3–221 specifically refers to section 63–46b–20,

and then directs a different hearing procedure than that outlined in section 63–46b–20(3), we conclude that the more specific hearing procedures outlined in section 53–3–221(5) govern the suspension process. *See Biddle v. Washington Terrace City*, 1999 UT 110, ¶ 14, 993 P.2d 875 (stating that "where the operation of two statutory provisions is in conflict, the more specific provision will govern over that which is more general").

## CONCLUSION

¶ 7 We conclude that the procedures outlined in sections 53–3–221 and –223 used to suspend Hess's permanent license did not violate his rights to due process of law. Upon Hess's arrest for DUI, the Division suspended his permanent driving privileges, seized his license, and issued him a temporary license pursuant to section 53–3–223. Hess was notified of his right to a hearing to contest the emergency action with personal service by the arresting officer. Hess elected not to request a hearing. Therefore, based upon the information in the arresting officer's report, the Division properly upheld the emergency order and suspended Hess's permanent driving privileges.

¶ 8 Thus, we affirm the judgment of the trial court.

¶ 9 I CONCUR: JAMES Z. DAVIS, Judge.

¶ 10 I CONCUR IN THE RESULT: GREGORY K. ORME, Judge.