**2014 UT App 223**

# THE UTAH COURT OF APPEALS

AMANDA CHRISTENSEN AND STACY DERU,
Plaintiffs and Appellees,
*v.*
NANNETTE ROLFE,
Defendant and Appellant.

Opinion
No. 20130574-CA
Filed September 18, 2014

Third District Court, Salt Lake Department
The Honorable Anthony B. Quinn and
The Honorable Vernice S. Trease
Nos. 120901407, 120904081

Sean D. Reyes and Brent A. Burnett, Attorneys
for Appellant

Jason Schatz, Attorney for Appellees

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES JAMES Z. DAVIS and STEPHEN L. ROTH concurred.

VOROS, Judge:

¶1     The Utah Driver License Division (the Division) suspended the driver licenses of Appellees Amanda Christensen and Stacy Deru (Licensees). The district court set aside the suspensions. Through Nannette Rolfe,[1] the Division now contends that the district court erred by reviewing these informal administrative proceedings on the record rather than conducting trials de novo. We agree and reverse.

---

1. Rolfe is the Bureau Chief, Driver Control Bureau, Driver License Division, Department of Public Safety, State of Utah.

¶2 Licensees were arrested in separate incidents for driving a motor vehicle under the influence of alcohol in violation of Utah Code section 41-6a-502. *See* Utah Code Ann. § 41-6a-502 (LexisNexis 2010). The Division held informal suspension hearings. *See id.* § 53-3-223(6) (Supp. 2013). At each hearing, the Licensee's attorney was permitted to cross-examine the arresting officer. In each case, the arresting officer answered some but not all the attorney's questions, and the hearing officer did not compel the officer to answer all the questions. At the conclusion of the hearings, the Division suspended Licensees' driver licenses.

¶3 Licensees sought district court review of their license suspensions. *See id.* § 53-3-224(1) (2010). Each moved for declaratory judgment on the ground that the Division did not permit them to "fully cross examine all witnesses" at the informal administrative hearings. The district court ruled in favor of Licensees and set aside the suspensions based on a review of the record of Licensees' informal adjudications. The Division appealed both rulings. We consolidated the appeals.

¶4 The Division contends that the district court erred under Utah Code section 63G-4-402 by reviewing the informal adjudicative proceedings on the record rather than by conducting trials de novo. We review a district court's statutory interpretation for correctness. *See State v. Burns*, 2000 UT 56, ¶ 15, 4 P.3d 795.

¶5 The Utah Administrative Procedures Act (UAPA) governs the judicial review of administrative agency decisions. Section 63G-4-402(1)(a) of UAPA sets forth the scope of a district court's authority to review informal administrative adjudications:

> The district courts have jurisdiction to review by trial de novo all final agency actions resulting from informal adjudicative proceedings . . . .

Utah Code Ann. § 63G-4-402(1)(a) (LexisNexis 2011). Interpreting this statute, our supreme court has stated, "This section requires

that the district court's review of informal adjudicative proceedings be performed by holding a new trial rather than by reviewing the informal record." *Archer v. Board of State Lands & Forestry*, 907 P.2d 1142, 1144 (Utah 1995) (citing *Cordova v. Blackstock*, 861 P.2d 449, 451 (Utah Ct. App. 1993)). Indeed, the "'[d]istrict court does not have discretion to review an informal adjudicative proceeding by any method other than a trial de novo, as mandated by UAPA.'" *Id.* at 1145 (quoting *Cordova*, 861 P.2d at 452); *accord Ralphs v. McClellan*, 2014 UT 36, ¶ 22, __ P.3d __ ("[O]ur law guarantees a de novo trial in the district court . . . and not just a traditional appeal . . . ."). The parties agree that the agency proceedings here were informal. Accordingly, the district court lacked "discretion to review [them] by any method other than a trial de novo." *Id.*

¶6     Licensees seek to distinguish *Cordova v. Blackstock*, 861 P.2d 449 (Utah Ct. App. 1993), on the ground that the opinion does not refer to section 63G-4-402(3)(a). That subsection states, "The court, without a jury, shall determine all questions of fact and law and any constitutional issue presented in the pleadings." Utah Code Ann. § 63G-4-402(3)(a). But we fail to see how this grant of authority to determine constitutional issues in the course of district court proceedings countermands subsection (1)(a)'s directive that those proceedings be by trial de novo. If anything, the reference to "pleadings" in subsection (3)(a) seems to presuppose a new action in the district court. *See* Utah R. Civ. P. 7(a). And nothing in Utah Code section 78A-5-102(7)(a), upon which Licensees also rely, alters this conclusion. That subsection merely requires district courts to comply with section 63G-4-402, discussed above. *See* Utah Code Ann. § 78A-5-102(7)(a) (LexisNexis 2012).

¶7     Notwithstanding this clear caselaw interpreting section 402, Licensees contend that a statutory procedure providing for review solely by trial de novo offends due process. It does so, they assert, because "the driver has a constitutionally protected Due Process Right to fully cross examine all witnesses at an informal driver license administrative hearing." Licensees further argue that because "the state of Utah has not adopted a provision for an

automatic stay pending a full and meaningful hearing in the district court," the State "must provide drivers with a full and meaningful hearing at the initial informal hearing." However, Licensees cite no case holding that state or federal due process guarantees require presuspension cross-examination of witnesses.[2] Nor do they cite any case relevant to the question actually before us: whether a record review in the district court would provide some crucial quantum of process that a trial de novo does not. "Because legislative enactments are presumed to be constitutional, those who challenge a statute or ordinance as unconstitutional bear the burden of demonstrating its unconstitutionality." *Greenwood v. City of North Salt Lake*, 817 P.2d 816, 819 (Utah 1991). Licensees have not overcome the presumption of constitutionality here.

¶8    Finally, Licensees advance several policy arguments in favor of a record review in the district court rather than the trial de novo specified by the UAPA. For example, Licensees assert that limiting district court review to trials de novo leaves "no way of supervising or reviewing the behavior or conduct of the Division and its hearing officers and they would be free to continue violating the rights of citizens who come before them without the possibility of corrective action." If the legislatively mandated trial de novo system suffers from this failing—and we are not persuaded that it does—the solution lies with the legislative branch, not the judicial. "Our task is to interpret the words used by

---

2.  In contrast, the Division directs our attention to *Dixon v. Love*, 431 U.S. 105 (1977). There, the Supreme Court upheld the revocation of a driver license, without any prerevocation hearing, upon a motorist's conviction of a third traffic offense. *Id.* at 110, 116. The Court held that while suspension of a driver license implicates procedural due process, "the public interests present under the circumstances of this case are sufficiently visible and weighty for the State to make its summary initial decision effective without a predecision administrative hearing." *Id.* at 115.

the legislature, not to correct or revise them." *State v. Wallace*, 2006 UT 86, ¶ 9, 150 P.3d 540.

¶9      The orders appealed from are reversed and the cases remanded to the district court for further proceedings.

————————