**2016 UT App 199**

# THE UTAH COURT OF APPEALS

ROGER BRYNER,
Appellee and Cross-appellant,

*v.*

DEPARTMENT OF PUBLIC SAFETY,
DRIVER LICENSE DIVISION,
Appellant and Cross-appellee.

Per Curiam Decision
No. 20150564-CA
Filed September 22, 2016

Third District Court, Salt Lake Department
The Honorable Andrew H. Stone
No. 140906147

Sean D. Reyes and Brent A. Burnett, Attorneys for
Appellant and Cross-appellee

Roger Bryner, Appellee and Cross-appellant Pro Se

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
JILL M. POHLMAN.

PER CURIAM:

¶1 The Driver License Division appeals the district court's decision on judicial review of informal agency action to remand the case to the Division rather than conduct a trial de novo. Cross-appellant Roger Bryner argues that this court lacks jurisdiction to consider the Division's appeal and also asks that "the entire statutory basis for suspension [of driving privileges] due to a warrant be declared unconstitutional." We reverse the decision and remand to the district court to conduct a trial de novo.

¶2 The proceedings before the Division that resulted in suspension of Bryner's driving privileges were informal agency

proceedings. Bryner sought district court review of the license suspension. The district court determined that procedural issues existed relating to the notice provided to Bryner by the Division and that the existing agency record was inadequate to allow the district court to determine whether the Division had considered facts related to an outstanding warrant issued by the Holladay Justice Court. Based on its review of the agency record from the informal proceedings, the district court remanded the case to the Division for clarification of the record.

¶3 Utah's Administrative Procedures Act (UAPA) governs judicial review of administrative agency decisions. "Section 63G-4-402(1)(a) of UAPA sets forth the scope of a district court's authority to review informal administrative adjudications." *Christensen v. Rolfe*, 2014 UT App 223, ¶ 5, 336 P.3d 40. "The district courts have jurisdiction to review by trial de novo all final agency actions resulting from informal adjudicative proceedings." Utah Code Ann. § 63G-4-402(1)(a) (LexisNexis 2011). "This section requires that the district court's review of informal adjudicative proceedings be performed by holding a new trial rather than by reviewing the informal record." *Archer v. Board of State Lands & Forestry*, 907 P.2d 1142, 1144 (Utah 1995) (citing *Cordova v. Blackstock*, 861 P.2d 449, 451 (Utah Ct. App. 1993)). A district court "does not have discretion to review an informal adjudicative proceeding by any method other than a trial de novo, as mandated by UAPA." *Id.* at 1145. In the trial de novo, the district "shall determine all questions of fact and law and any constitutional issues presented in the pleadings." Utah Code Ann. § 63G-4-402(3)(a).

¶4 The district court erred by reviewing the informal adjudicative proceedings on the record rather than by conducting a trial de novo as required by UAPA. Because the proceedings before the Division were informal, the district court was required to conduct a trial de novo to determine all questions of fact and law and any constitutional issues presented

by the pleadings filed in that court. *See id.* The district court did not have discretion to remand to the Division for clarification of the agency record because de novo review does not include a records review to determine whether the Division followed the applicable law or abused its discretion. Instead, in the trial de novo, the district court was required to determine whether a warrant that had been issued by the Holladay Justice Court supported a suspension of Bryner's driving privileges. In making that determination, the district court was not required to extend deference to the Division's determination or to take it into account in any way. Indeed, if there were defects in the Division's proceedings, the mechanism for setting things right was simply to rehear the matter afresh with due regard to the procedural requirements.

¶5 Bryner's claim that this court lacks jurisdiction over the appeal and cross-appeal lacks merit. The district court's order concluded proceedings seeking judicial review of the Division's order and was final and appealable. *See Mike's Smoke, Cigar & Gifts v. St. George City*, 2015 UT App 158, ¶ 11, 353 P.3d 626 ("[A]lthough the controversy still exists between the parties in the administrative forum, the order is final because nothing is left pending before the district court."). The attempted collateral challenge to this court's decision in *Mike's Smoke, Cigar & Gifts* is beyond the scope of his appeal. Finally, to the extent that Bryner's cross-appeal raises constitutional claims, those claims must first be raised before the district court on trial de novo in order to preserve them for our review following remand from this court. *See State v. Houston*, 2015 UT 40, ¶ 13, 353 P.3d 55 (stating that as a general rule, claims not raised before the trial court may not be raised on appeal); *see also* Utah Code Ann. § 63G-4-402(3)(a) (providing that in a trial de novo, the district court "shall determine all questions of fact and law and any constitutional issues presented in the pleadings").

¶6 The Division requests that we strike Bryner's opening brief because it contains disrespectful and offensive statements. We decline to do so at this time, although we warn Bryner that personal attacks on the integrity of judges of this or any other court or statements that are generally disrespectful of the judiciary or ascribe improper motives to a court or judges "overstep[] the bounds of appropriate appellate advocacy," *Peters v. Pine Meadow Ranch Home Ass'n*, 2007 UT 2, ¶ 8, 151 P.3d 962, and may subject him to sanctions that can include, among other things, striking the filings in which they appear, *id.* ¶ 9.

¶7 Accordingly, we reverse the district court's decision and remand to that court for proceedings by a trial de novo on Bryner's petition seeking judicial review of the Division's order suspending his driving privileges.

———