*This opinion is subject to revision before final
publication in the Pacific Reporter.*

**2014 UT 36**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

CECIL BLAINE RALPHS,
*Petitioner and Appellant,*

*v.*

THE HONORABLE CLARK A. MCCLELLAN,
and THE STATE OF UTAH,
*Respondents and Appellees.*

No. 20130413
Filed August 29, 2014

Eighth District, Vernal Dep't
The Honorable Clark A. McClellan
No. 121800514

Attorneys:

Staci A. Visser, Clayton A. Simms,
Salt Lake City, for appellant

Brent M. Johnson, Salt Lake City, for appellee
Judge McClellan

Daniel E. Bokovoy, Michael C. Drechsel,
Vernal, for appellee State of Utah

JUSTICE LEE authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE NEHRING,
JUSTICE DURHAM, and JUSTICE PARRISH joined.

JUSTICE LEE, opinion of the court:

¶1    This case comes to us on a petition for extraordinary relief from a case originating in justice court. The underlying justice court proceedings involved misdemeanor charges against Cecil Ralphs under lewdness provisions of the criminal code. An earlier lewdness case culminated in a conviction in justice court in 2010. When Ralphs was subject to further lewdness charges in 2011 and 2012, he was charged with felonies in light of his prior convic-

tions. And at that point Ralphs sought to challenge his 2010 conviction on the ground that he had been deprived of his right to appeal the 2010 justice court decision under the standards set forth in *Manning v. State*, 2005 UT 61, 122 P.3d 628, and Utah Rule of Appellate Procedure 4(f).

¶2    The justice court determined that Ralphs had failed to establish that he had been denied his right to appeal under *Manning*. On de novo appeal to the district court, Judge McClellan affirmed the justice court's decision, concluding that Ralphs had waived the right to assert the denial of his right to appeal under *Manning* by waiting too long to assert that claim.

¶3    The petition is granted. We hold that the procedures set forth in *Manning* and confirmed in Utah Rule of Appellate Procedure 4(f) extend to a de novo appeal of a justice court decision filed in the district court. And, finding no time limit on the face of *Manning* or rule 4(f), we conclude that there was no basis for a finding of waiver, and accordingly order the district court to consider the merits of Ralphs's arguments under *Manning* and rule 4(f).

I

¶4    In December 2009, Ralphs entered a plea in abeyance in Uintah County Justice Court to a charge of lewdness under Utah Code section 76-9-702(1), a class B misdemeanor. In 2010, prior to the expiration of the twelve-month term of that plea in abeyance, Ralphs was charged with and convicted of a second act of lewdness. As a result, the justice court concluded that Ralphs had violated the terms of his plea in abeyance on the 2009 charge and accordingly entered a conviction on the 2009 charge.

¶5    In January 2011, Ralphs was charged with lewdness for a third time. In light of the two prior convictions, the State charged Ralphs with a third-degree felony under Utah Code section 76-9-702(2)(b)(ii), which provides for an enhancement of misdemeanor lewdness to a third-degree felony if the defendant has been previously convicted of lewdness two or more times. A jury found Ralphs guilty as charged in October 2011. In addition, the jury made a special finding that Ralphs had two prior lewdness convictions and the court accordingly entered a conviction for a third-degree felony.

¶6 Ralphs faced a fourth lewdness charge in April 2012. The 2012 case was also charged as a felony based on the prior convictions.

¶7 While this fourth lewdness case was pending, Ralphs filed a motion requesting a hearing under *Manning v. State*. In that motion Ralphs asserted that his otherwise time-barred appeal from the second (2010) lewdness case should be reinstated on the ground that he had been deprived of his right to appeal by no fault of his own. *See Manning v. State*, 2005 UT 61, ¶ 31, 122 P.3d 628. Ralphs argued, specifically, that he had asked his attorney to file an appeal from the second lewdness judgment within the appropriate timeframe, but that his counsel had deprived him of the right to appeal by failing to file it. The justice court held a hearing on the *Manning* issue and ultimately denied Ralphs's motion, determining that Ralphs had not met his burden of proving that he was unconstitutionally deprived of his right to appeal.

¶8 Ralphs filed an appeal of that justice court ruling in the Eighth District Court, seeking de novo review under Utah Code section 78A-7-118. The State moved to dismiss the appeal for lack of subject-matter jurisdiction. At the initial hearing Judge McClellan determined to "take the evidence on the *Manning*" issue and to decide later whether the court had jurisdiction to resolve the matter.

¶9 Ralphs's counsel called several witnesses in support of his *Manning* claim, including his appointed counsel in the second lewdness case. That attorney testified that Ralphs had expressed his desire to appeal, and that the attorney had not personally filed an appeal because he had sold his practice to another attorney during that time and had directed that attorney to file the appeal. The successor attorney did not testify at the hearing. Ralphs and his wife also testified. Both indicated that Ralphs had directed his attorney in the second lewdness conviction to file an appeal.

¶10 After hearing evidence and considering further briefing on jurisdiction, the district court granted the State's motion to dismiss. Instead of ruling on the jurisdictional question, however, the district court concluded that Ralphs had waived his right to a *Manning* hearing by waiting too long to assert his claim, and therefore held that Ralphs was foreclosed from "collaterally" attacking a conviction that served as an enhancement for the charge

he currently faced. The district court held that if Ralphs had wanted to raise the argument that he was deprived of his right to appeal in the second case, he should have done so in the third case. And it expressed concern over the "mischief" that would ensue from allowing *Manning* hearings to proceed without any time limit, on an issue that would leave the parties and subsequent proceedings in limbo.

¶11 Ralphs first sought to pursue an appeal of the district court's decision in the court of appeals, but subsequently withdrew the appeal and filed a petition for extraordinary relief. The court of appeals then certified the matter to us for review.

¶12 In the petition before us, Ralphs challenges the district court's decision granting the State's motion to dismiss on the grounds that the district court misinterpreted our precedent, rules of procedure, and statutes. Under civil rule 65B, this petition may succeed only if "no other plain, speedy and adequate remedy is available," UTAH R. CIV. P. 65B(a), and upon a showing that the district court "abused its discretion." *Id.* at 65B(d)(2).

¶13 The threshold portion of that standard is easily established. Because there is no right of appeal from a district court's de novo review of a justice court decision,[1] there is no other "plain, speedy, and adequate remedy" for an abuse of discretion in a district court's decision in such circumstances. UTAH R. CIV. P. 65B(a). So the controlling question is simply whether the district court abused its discretion in dismissing Ralphs's motion. We turn to that question now.

II

¶14 In challenging the dismissal of his appeal, Ralphs contends that the district court misinterpreted and misapplied *Manning*, appellate rule 4(f), and the doctrine of waiver. Respondents, for their part, challenge the district court's jurisdiction to entertain a motion under *Manning* or rule 4(f), and also insist that any such motion was time-barred and foreclosed by Utah Rule of Criminal Procedure 38, which generally governs appeals from justice courts

---

[1] *See* UTAH CODE § 78A-7-118(9) (in appeals from justice courts, "[t]he decision of the district court is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance").

to district courts, and by the exclusive remedy provision of the Post-Conviction Remedies Act (PCRA), Utah Code sections 78B-9-101 to 405.

¶15 We agree with Ralphs. We grant the petition, holding (a) that appellate rule 4(f) governs Ralphs's motion to reinstate his appeal from justice court to district court, in a manner foreclosing the district court's waiver analysis; (b) the district court retained jurisdiction to entertain Ralphs's motion; and (c) the PCRA's exclusive remedy provision is inapplicable.

A.      Appellate Rule 4(f) and an Appeal from Justice Court

¶16 The threshold question concerns the applicability of the principles set forth in *Manning*, as now formalized in appellate rule 4(f). Respondents challenge the applicability of those principles on the basis of criminal rule 38, which prescribes the procedures for an "appeal" from a justice court to a district court, yet says nothing of a *Manning*-like procedure for a motion to reinstate an appeal. UTAH R. CRIM. P. 38.

¶17 We acknowledge a degree of ambiguity on the face of *Manning*, appellate rule 4(f), and criminal rule 38. *Manning* and appellate rule 4(f) are addressed, on their face and in the first instance, to a traditional appeal, while criminal rule 38 is addressed to the *sui generis* proceeding for challenging a justice court ruling in a de novo trial in district court. And rule 38 prescribes detailed procedures that overlap with the terms of appellate rule 4 in terms of the manner and means of initiating that de novo challenge—yet omits any express reference to a motion to reinstate an appeal as prescribed in *Manning* and formalized in appellate rule 4(f). It is accordingly possible, reading the terms of rule 38 in isolation, to interpret the criminal rule to foreclose the *Manning* motion for reinstatement filed by Ralphs in the justice court.

¶18 At the same time, the alternative construction posed by Ralphs is also possible. Although *Manning* concerned a traditional appeal from a district court to an appellate court, there is nothing on the face of our analysis in that case that would foreclose its extension to an appeal from a justice court decision through a de novo trial in district court. And, more importantly, the terms of appellate rule 4(f) arguably encompass such an appeal. The rule speaks in terms of an appeal from a "trial court" or "sentencing court" to an "appellate court," and those terms could easily en-

compass a district court challenge to a justice court ruling. *See* UTAH R. APP. P. 1(b) (defining "trial court" as the court "from which the appeal is taken," and "appellate court" as "the court to which the appeal is taken").[2]

¶19 The criminal rules, moreover, do not appear to foreclose the applicability of the appellate rules on this matter. Rule 38 prescribes general procedures governing the manner and means of pursuing a de novo challenge to a justice court decision. But it nowhere addresses the matter addressed by appellate rule 4(f)—of reinstatement of an appeal lost through no fault of a defendant.

¶20 So the construction posited by Ralphs is also possible. On its face, appellate rule 4(f) can be read to encompass an appeal from a justice court ruling. And criminal rule 38 can be read only to prescribe general procedures for pursuing an appeal from a justice court to an appellate court, while leaving room for supplementation by appellate rule 4(f) on the limited matter of a motion to reinstate pursuant to *Manning*.

¶21 And that is the construction we adopt as the better understanding of our rules. The principal basis for adopting it is that the contrary reading would yield an absurdity, and perhaps an unconstitutionality. *Manning* and rule 4(f) protect a right guaranteed by the Utah Constitution—the right of a criminal defendant to an appeal. UTAH CONST. art. I, § 12. We have characterized that right as "essential to a fair criminal proceeding," and thus a matter that cannot be "lightly forfeited." *State v. Tuttle*, 713 P.2d 703, 704 (Utah 1985). And the constitutional status of that right was a principal basis of our preservation of procedures we established to assure that such right would not be lost in circumstances where a

---

[2] *See also* UTAH CONST. art. VIII, § 5 (providing for district courts to exercise "appellate jurisdiction as provided by statute"); UTAH CODE § 78A–5–102(5) (granting the district court "appellate jurisdiction over judgments and orders of the justice court as outlined in Section 78A–7–118"); *Falkner v. Lindberg*, 2012 UT App 303, ¶ 6, 288 P.3d 1097 (holding it "appropriate to employ the rules of appellate procedure as a model in the context of justice court appeals," and thus determining that district court retained jurisdiction as appellate court after case had been remitted to justice court (internal quotation marks omitted)).

defendant has not voluntarily forfeited it. *See State v. Johnson*, 635 P.2d 36, 38 (Utah 1981) (establishing procedural mechanism for defendants claiming deprivation of their right to appeal to seek reinstatement of that right despite apparent forfeiture); *Manning v. State*, 2005 UT 61, ¶¶ 11–12, 122 P.3d 628 (finding the *Johnson* remedy foreclosed by statute, and adopting a new procedure to protect the right of a defendant who "has been unconstitutionally deprived, through no fault of his own, of his right to appeal"); UTAH R. APP. P. 4(f) (formalizing the procedure established in *Manning*).

¶22 The right to an appeal from a justice court ruling is at least a matter of equal dignity—and in fact in an important sense a more significant right. We have upheld the constitutionality of the right to challenge a justice court ruling in a de novo hearing in district court, concluding that it qualifies as, effectively, an appellate proceeding as guaranteed by our constitution. *See Bernat v. Allphin*, 2005 UT 1, ¶ 32, 106 P.3d 707. But in an important sense, the right to challenge a justice court ruling is *more* significant than the right to file a traditional appeal from the district court. That right is more important in the sense that a justice court is not a court of record, and a defendant has a right to a de novo proceeding in a court of record. *See* UTAH CONST. art. VIII, § 5 (granting district courts "appellate jurisdiction as provided by statute" and stating that except for matters of Supreme Court original jurisdiction, "there shall be in all cases an appeal of right from the court of original jurisdiction to a court with appellate jurisdiction"); UTAH CODE § 78A-5-102(5) (granting district courts "appellate jurisdiction over judgments and orders of the justice court[s]"); UTAH CODE § 78A-7-118 (stating that district courts' appellate jurisdiction over justice courts shall be exercised via "trial[s] de novo" and "hearing[s] de novo"); UTAH CODE § 78A-1-101(2) (stating that "all courts," including district courts, "are courts of record, except the justice courts, which are courts not of record"). That is why our law guarantees a de novo trial in the district court—which is a court of record—and not just a traditional appeal, which would be subject to traditional standards of review calling for deference to the lower court's fact finding and other discretionary determinations. *See Myers v. Myers*, 2011 UT 65, ¶ 32, 266 P.3d 806 (noting that a district court's findings and discretionary determinations "are entitled to substantial deference on appeal").

¶23 With this in mind, we cannot construe our rules to guarantee a right to move to reinstate a traditional appeal while foreclosing the right to move to reinstate a de novo challenge to a justice court ruling. Instead we read appellate rule 4(f) to encompass both types of appeals, and interpret criminal rule 38 to leave room for a motion to reinstate an appeal from a justice court judgment under rule 4(f).

¶24 That conclusion forecloses any notion of dismissal of Ralphs's motion to reinstate under principles of waiver. Neither *Manning* nor rule 4(f) includes any time limitation on a motion to reinstate an appeal. And absent any such time limitation, we cannot properly impose one on Ralphs, who was entitled to read our decisions and rules and rely on their terms. *See Carter v. Lehi City*, 2012 UT 2, ¶ 15, 269 P.3d 141 ("Litigants ought to be able to rely on our constructions of our rules and statutes, particularly on matters as critical as the timing standards for filing deadlines."). For that reason, we find no legal basis for the dismissal of Ralphs's rule 4(f) motion in the doctrine of waiver—or, more properly, forfeiture.[3] Ralphs faced no time deadline on filing such a motion, and thus cannot be deemed to have forfeited the right to file such a motion by his delay in filing it.

¶25 That said, we cannot denigrate the concerns regarding finality and repose identified by Judge McClellan. His point about the "mischief" introduced by a stale 4(f) motion is well-taken. Yet absent any time standard in the rule or in *Manning* itself, our response to this concern is simply to flag it for consideration by our advisory committee on the rules of appellate procedure, with an indication of our inclination to amend the rule prospectively to add a time limitation going forward. For purposes of this case, however, we conclude that Ralphs was entitled to rely on *Man-*

---

[3] Principles of "waiver" and "forfeiture" "are often used interchangeably," but the two concepts are technically distinct. *State v. Fuller*, 2014 UT 29, ¶ 28 n.21, __ P.3d __ (citing *In re Adoption of Baby E.Z.*, 2011 UT 38, ¶ 51 n. 1, 266 P.3d 702 (Lee, J., concurring)). Forfeiture "is the failure to make the timely assertion of a right," whereas waiver "is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks omitted). The question at issue here is thus, technically, a matter of forfeiture, not waiver.

*ning* and on rule 4(f) as written, and thus that it was an abuse of discretion to dismiss his motion under the doctrine of waiver.

### B.     Jurisdiction

¶26  The next question concerns jurisdiction. Respondents seek to defend the dismissal of Ralphs's motion on the ground that the justice court lost jurisdiction over the second lewdness conviction once Ralphs was finally sentenced—a matter also depriving the district court of jurisdiction.

¶27  We agree with the general rule that respondents espouse. A court's jurisdiction over a criminal matter generally ends after sentencing. *See State v. Rodrigues*, 2009 UT 62, ¶ 13, 218 P.3d 610. But that general rule is also subject to a number of exceptions, such as rules and statutes recognizing a court's continuing jurisdiction even after the sentencing phase. *See* UTAH CODE § 77-18-1(2)(a), (8) (recognizing court's jurisdiction to suspend sentences, place defendant on probation, and supervise the terms of probation). And appellate rule 4(f) establishes such an exception. In reserving the right of a defendant to move to reinstate an appeal that is lost by no fault of the defendant, rule 4(f) reserves a right of continuing jurisdiction of the court in which a conviction is entered and a sentence is rendered—a reservation establishing an exception to the general rule cited by respondents, and thus preserving the jurisdiction of the justice court and also the district court by extension.

¶28  That conclusion is not foreclosed by Utah Code section 78A-7-118, as respondents suggest. Granted, this provision does not expressly identify an order denying a motion to reinstate an appeal as an order subject to de novo review in the district court. But the statute does preserve a de novo appeal from a criminal "sentencing." UTAH CODE § 78A-7-118(1), (4). And a rule 4(f) motion is a matter that would ultimately reopen a proceeding that would otherwise culminate in a criminal sentence—by means of reinstating a right to a de novo trial in the district court. So a decision on such a motion is properly subject to review. We accordingly uphold the district court's jurisdiction to hear a de novo appeal from the denial of a motion under appellate rule 4(f), and thus reject respondents' request that we deny Ralphs's petition on that alternative basis.

### C.     Post-Conviction Remedies Act

¶29  That leaves the question whether Ralphs's motion was foreclosed by the exclusive remedy provision of the PCRA. *See*

UTAH CODE § 78B-9-102(1). Respondents invoke this provision as another basis for defending the denial of Ralphs's motion to reinstate his right of appeal.

¶30 We do not view this provision as having any application in this case. It clarifies that the PCRA stands as "the sole remedy for any person who challenges a conviction or sentence for a criminal offense and who has exhausted all other legal remedies, including a direct appeal." UTAH CODE § 78B-9-102(1). Thus, under limited exceptions having no application to this case, the PCRA "replaces all prior remedies for review, including extraordinary or common law writs." *Id*. But the statute has nothing to do with a direct appeal. It leaves that right intact. And because a rule 4(f) motion is about reinstating a right of appeal, and not at all about review by post-appeal writ, the PCRA has no application to this case. We accordingly reject respondents' invocation of the PCRA's exclusive remedy provision as an alternative basis for defending the judgment of dismissal in the district court.

## III

¶31 For these reasons the petition filed by Ralphs is granted. We find error in the district court's waiver analysis, uphold its jurisdiction, and interpret *Manning* and appellate rule 4(f) to apply to this case. And on that basis we order the district court to proceed to the merits of Ralphs's motion.

—————

10