*This opinion is subject to revision before final publication in the Pacific Reporter*

**2018 UT 63**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH and UTAH COUNTY,
*Appellees,*

*v.*

ISAAC BURR
*Appellant.*

No. 20160176
Filed December 21, 2018

On Direct Appeal

Fourth District, Provo
The Honorable Lynn W. Davis
No. 141402499

Attorneys:

Neil Skousen, Orem, for appellant

Sean D. Reyes, Att'y Gen., Jeanne B. Inouye, Asst. Solic. Gen., William M. Hains, Asst. Solic. Gen., Salt Lake City, for appellee State of Utah

M. Cort Griffin, Provo, for appellee Utah County

ASSOCIATE CHIEF JUSTICE LEE authored the opinion of the Court, in which CHIEF JUSTICE DURRANT, JUSTICE HIMONAS, JUSTICE PEARCE, and JUSTICE PETERSEN joined.

ASSOCIATE CHIEF JUSTICE LEE, opinion of the Court:

¶1    After Isaac Burr was released from jail on misdemeanor charges he received an invoice from Utah County seeking reimbursement for the costs of his incarceration. By then Burr's criminal case had been closed. But he sought to file a motion in the closed criminal action. His motion asked the judge in the criminal case to "vacate" the county's invoice. The judge denied the motion and Burr filed this appeal.

¶2     We vacate and dismiss on jurisdictional grounds. We hold, for reasons explained below, that the district court lacked jurisdiction to entertain Burr's motion because he failed to identify any basis for reopening the final judgment entered in the criminal case (or for vacating an invoice issued by a nonparty to the criminal proceedings). And we vacate the district court's decision and dismiss the appeal on this basis.

I

¶3     The original charges against Burr included one count of dealing in materials harmful to a minor and three counts of stalking. These charges were set forth in an information filed in August of 2014. In October of 2014 Burr pled guilty to two reduced misdemeanor counts—one count of attempted dealing in materials harmful to a minor and one count of stalking. He also waived the statutory time for sentencing and signed onto a joint sentencing recommendation.

¶4     The court sentenced Burr to 365 days in jail on each of these two counts but suspended the jail time. It also imposed a fine of $5,000 (which was also suspended), put him on probation for 24 months, and ordered that he be released from custody after 30 days. Neither the State nor Burr sought a restitution order in the criminal proceedings—and no such order was entered.

¶5     Burr was released from jail on November 7, 2014. A few days later the Utah County Sheriff's Office sent him an invoice for $3,171.58—the claimed cost of his stay in the Utah County Jail. About a month later Burr filed a motion in the district court under the case number for his criminal case. He styled the motion as one seeking to "vacate" the county's invoice. And he argued, in support of the motion, that the invoice was invalid in the absence of a court order of restitution, that the amount of the invoice should be reduced under factors set forth in the Crime Victims Restitution Act (CVRA), and that the denial of his right to assert those factors violated his due process and other constitutional rights. The district court denied the motion.

¶6     In so doing the district court held that jurisdiction "remain[ed]" because Burr "brought the motion pursuant to UTAH

CODE § 76-3-201(6)."[1] And it denied Burr's motion on the merits. The court first concluded that the pay-to-stay statute was self-executing—that Utah County was entitled to bill Burr for the costs of his incarceration even absent a restitution order on the matter. It also concluded that the amount of the invoice could not be reduced on the basis of the factors set forth in the CVRA. And it declined to reach Burr's constitutional arguments, concluding that any constitutional challenge was "premature" because no attempt had yet been made to collect on the invoice.

¶7 Burr seeks to challenge these determinations on this appeal. He raises both statutory and constitutional objections to the district court's conclusions. First he challenges the district court's determination that the "pay-to-stay" statute, Utah Code section 76-3-201(6)(a), is self-executing. Burr views this provision as requiring a court order—as in a restitution proceeding—to provide a legal basis for the county to impose the pay-to-stay charge. And because no such order was entered here Burr claims that the county had no basis for issuing its invoice.

¶8 Alternatively, Burr claims that the terms and conditions of the CVRA—including provisions mandating that the court consider indigency or inability to pay in determining the restitution amount, *see* Utah Code § 77-38a-302(5)(c), should be deemed to apply here. And because Burr had no occasion to raise this issue prior to sentencing (given that there was no restitution hearing), he claims that he should have that opportunity now.

¶9 Burr also asserts a constitutional challenge to the imposition of a pay-to-stay charge in these circumstances. He claims that his due process rights would be infringed if the pay-to-stay statute were viewed as self-executing and also deemed to foreclose a defendant's right to assert his inability to pay as a basis for challenging the county's invoice.

II

¶10 Burr has raised some serious questions on this appeal. We have not had occasion to decide whether the pay-to-stay statute

---

[1] This is the "pay-to-stay" statute. It states that "the defendant shall pay restitution to the county for the cost of incarceration and costs of medical care" provided during the defendant's time in a "county correctional facility." UTAH CODE § 76-3-201(6)(a).

is self-executing, or how that provision is supposed to interact with the terms and conditions of the CVRA. And an appellate decision on these questions would surely be valuable. Burr's constitutional arguments are also substantial. Whether or not it would violate Burr's due process rights to hold that his pay-to-stay obligation kicks in without a restitution hearing (and in a manner foreclosing his right to argue the terms and conditions of the CVRA), it would at least cut against the grain of fairness to so conclude.[2] And that prospect seems to heighten the need for resolution of these issues in an appellate proceeding.[3]

¶11    Yet need, by itself, is no foundation for appellate jurisdiction. To decide a case on appeal we must do more than conclude that the questions before us are significant. We must identify an established basis in law for the invocation of the judicial power. And such a basis is lacking in a case in which Burr filed a motion in the closed criminal case without identifying any basis for reopening the district court's jurisdiction.

¶12    Burr's criminal proceeding was resolved on final judgment when the district court entered Burr's sentence. *See State v. Gerrard*, 584 P.2d 885, 886 (Utah 1978) ("It is the sentence itself which constitutes a final judgment . . . ."). The entry of that sentence thus

---

[2] The State suggests a possible way around this dilemma—in the possibility that Burr could still raise his statutory arguments in the course of any civil enforcement proceedings brought by the county in attempts to collect on the invoice, or in a declaratory judgment proceeding that Burr could file. But the State did not commit itself to this position. It seemed to reserve the right to argue in subsequent civil proceedings that Burr is still foreclosed from raising some or all of the issues presented here. And that adds another dimension to the significant questions identified in the briefing in this case.

[3] The questions presented here may also highlight the need for legislative intervention. It is safe to say, at a minimum, that the effect of the pay-to-stay statute is less than crystal clear on the face of the statute. And the anticipated means of enforcement of this provision is also a bit uncertain—as is the proper interplay between this provision and the CVRA. We raise these points in case they may prompt the legislature to intervene—to clarify the law and forestall some of the problems raised by Burr that we are unable to reach due to the jurisdictional problems identified herein.

closed the criminal case. And when that case was closed the court generally lost any continuing jurisdiction in the matter.[4]

¶13    This is the general rule. It is admittedly "subject to a number of exceptions"—as where a party invokes an applicable rule or statute authorizing the district court to reopen the proceedings "even after the sentencing phase." *Ralphs v. McClellan*, 2014 UT 36, ¶ 27, 337 P.3d 230. Our criminal rules include some such provisions. Rule 22(e) sets forth limited grounds for reopening a criminal case. UTAH R. CRIM. P. 22(e). And civil rules may have some applicability in criminal proceedings. So a post-judgment motion could conceivably be filed in a criminal case under civil rule 60(b). UTAH R. CIV. P. 60(b).

¶14    Yet Burr invoked none of these rules. Instead he filed a "motion to vacate" an invoice issued by a third party. And he pointed to the Declaratory Judgment Act, Utah Code § 78B-6-401 *et seq.*, and the pay-to-stay provision, Utah Code § 76-3-201(6), as purported jurisdictional grounds for his motion.[5]

¶15    These provisions provide no footing for jurisdiction in a case like this one. The Declaratory Judgment Act gets Burr nowhere because he filed no declaratory judgment proceeding (but instead tried to reopen a closed criminal case). A declaratory judgment action is a civil proceeding. *See* UTAH R. CIV. P. 57 (procedure for obtaining declaratory judgment "shall be in accordance" with the rules of civil procedure). And this case is on appeal from a motion filed in a criminal case. So the Declaratory Judgment Act only highlights the jurisdictional defect of Burr's chosen path (while perhaps identifying an alternative avenue for him to raise these issues in a future action).[6]

---

[4] *See, e.g.*, *Ralphs v. McClellan*, 2014 UT 36, ¶ 27, 337 P.3d 230 (stating that the "court's jurisdiction over a criminal matter generally ends after sentencing"); *State v. Montoya*, 825 P.2d 676, 679 (Utah Ct. App. 1991) (noting that if the sentence "was valid, the trial court would have had no further subject matter jurisdiction").

[5] Burr initially asserted an additional basis for jurisdiction—the Post-Conviction Remedies Act. But he subsequently (and wisely) abandoned that argument.

[6] We acknowledge that certain provisions of the CVRA vest the district court with continuing jurisdiction over restitution matters for up to one year after sentencing. *See, e.g.*, UTAH CODE

(continued . . .)

¶16    The pay-to-stay statute is also unhelpful. This provision does not speak to jurisdiction—much less to the power to reopen a criminal case after final judgment is entered. It is addressed only to a criminal defendant's responsibility to pay a county for costs of incarceration, and to factors of relevance to a decision on the question of whether to reduce or eliminate a restitution award for such costs.

¶17    We conclude for these reasons that the district court lacked jurisdiction to hear Burr's motion. And because the district court lacked jurisdiction we likewise lack jurisdiction on this appeal. We thus vacate the district court's decision and dismiss this proceeding on appeal.

---

§ 77-38a-302(5)(d)(i) ("The prosecuting agency shall submit all requests for complete restitution and court-ordered restitution to the court at the time of sentencing if feasible, otherwise within one year after sentencing."). We decline, however, to consider whether these provisions would allow Burr's case to be reopened. Burr asserted that they would at oral argument before the district court. But he never filed the supplemental briefing the district court requested. And he has not raised the argument on appeal. We thus have no occasion to consider the potential application of these provisions.