2022 UT App 40

# THE UTAH COURT OF APPEALS

OLEG SOCOLOV,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Opinion
No. 20210724-CA
Filed March 31, 2022

Fifth District Court, Cedar City Department
The Honorable Matthew L. Bell
No. 210500028

Oleg Socolov, Appellant Pro Se

Before JUDGES MICHELE M. CHRISTIANSEN FORSTER, DAVID N. MORTENSEN, and RYAN M. HARRIS.

PER CURIAM:

¶1 Oleg Socolov appeals the dismissal of his petition filed under the Post-Conviction Remedies Act (PCRA). We affirm.

¶2 We review an appeal from an order summarily dismissing or denying post-conviction relief for correctness without deference to the lower court's conclusions of law. *See Bevan v. State*, 2021 UT App 107, ¶ 7, 499 P.3d 191.

## BACKGROUND

¶3 Socolov was convicted after a bench trial of misdemeanor offenses of assault (domestic violence); domestic violence in front of a child; threat of violence; disorderly conduct; and intoxication. The district court entered the judgment and

sentence on February 27, 2020. Shortly after sentencing, Socolov was removed to a federal facility in Nevada pending deportation proceedings. After his conviction, Socolov filed pro se motions that sought reconsideration of a protective order, but he did not file a timely direct appeal.

¶4    Socolov filed a PCRA petition and two amended petitions. He first claimed that his trial counsel rendered ineffective assistance by failing to appeal his convictions and to properly advise him of the right to appeal. His remaining claims evolved over the two amended petitions to encompass claims of error by the district court and additional ineffectiveness claims asserting that trial counsel failed to present relevant evidence, to impeach the testimony of the victim, to assert that Socolov acted in self-defense, and to pursue a claim that Socolov had diminished capacity because he was a battered spouse. Socolov claimed that he was entrapped by the victim, who fabricated claims of domestic violence to place his immigration status in jeopardy. He also raised the "possibility" of his factual innocence of the crimes. In his first amended petition, he added claims of prosecutorial misconduct and claims that he had obtained new evidence about the victim's motivation and fabrication of allegations. A second amended petition elaborated on his claims.

¶5    The district court issued an order to show cause providing Socolov with notice and an opportunity to demonstrate why the claims made in his petition were not precluded under the PCRA. *See* Utah Code § 78B-9-106(2)(b)(West 2022) ("Any court may raise a procedural bar or time bar on its own motion, provided that it gives the parties notice and an opportunity to be heard.") In a written response, Socolov argued his claims should not be procedurally barred because his failure to file an appeal resulted from ineffective

assistance of trial counsel, whom he alleged had failed to properly advise him of the right to appeal.[1]

¶6 The district court dismissed the PCRA petition, ruling that the first claim—that Socolov was denied the right to appeal because his trial counsel failed to properly inform him of his appeal rights—was not within the scope of the PCRA and instead must be raised in a motion to reinstate the appeal time under rule 4(f) of the Utah Rules of Appellate Procedure. The district court concluded that the remaining claims for relief from the conviction (characterized by the court as prosecutorial misconduct, entrapment, evidentiary issues at trial, and counsel's failure to assert diminished capacity as a defense) were procedurally barred because either the claims "may still be raised on direct appeal," *see id.* § 78B-9-106(1)(a), or the claims "could have been but [were] not raised at trial, or on appeal," *see id.* § 78B-9-106(1)(c). The district court also reasoned that because Socolov "has not yet filed a motion under rule 4(f), he has failed to fully exhaust his legal remedies before pursuing post-conviction relief." *See id.* § 78B-9-102(1) (stating that the PCRA "establishes the sole remedy for any person who has exhausted all other legal remedies, including a direct appeal"). Finally, the district court ruled that a claim of factual innocence must be filed under the separate provisions beginning at Utah Code section 78B-9-401, and could not be combined with Socolov's other challenges to his convictions. *See id.* § 78B-9-104(3) (stating that claims under Part 4, Postconviction Determination of Factual Innocence, may not be filed as part of a PCRA petition under Part 1, but shall be filed separately and in conformity with the provisions of Part 4).

---

1. The State, represented by the Iron County Attorney, was given an opportunity to reply to Socolov's response but did not do so.

ANALYSIS

¶7 Utah Code section 78B-9-106(1) provides, in relevant part, that a petitioner is not eligible for relief upon any ground that "(a) may still be raised on direct appeal or by a post-trial motion" or "(c) could have been but was not raised in the trial court, at trial, or on appeal." Subsection (3)(a) states, "Notwithstanding Subsection (1)(c), a petitioner may be eligible for relief on a basis that the ground could have been but was not raised in the trial court, at trial, or on appeal, if the failure to raise that ground was due to ineffective assistance of counsel." Socolov claimed that he did not file a direct appeal because he was not properly advised of the right to appeal and that this same alleged failure to advise him also constitutes ineffective assistance of counsel that prevents preclusion of his claims under section 78B-9-106(1)(c) because it was counsel's deficient performance that caused his failure to raise the claims on appeal.

¶8 The remedy for a defendant who is denied the right to appeal through no fault of his own is codified in rule 4(f) of the Utah Rules of Appellate Procedure, which states,

> Upon a showing that a criminal defendant was deprived of the right to appeal, the trial court shall reinstate the thirty-day period for filing a direct appeal. A defendant seeking such reinstatement shall file a written motion in the sentencing court and serve the prosecuting entity. If the defendant is not represented and is indigent, the court shall appoint counsel. The prosecutor shall have 30 days after service of the motion to file a written response. If the prosecutor opposes the motion, the trial court shall set a hearing at which the parties may present evidence. If the trial court finds by a preponderance of the evidence that the defendant has demonstrated that the defendant was deprived

of the right to appeal, it shall enter an order reinstating the time for appeal. The defendant's notice of appeal must be filed with the clerk of the trial court within 30 days after the date of entry of the order.

¶9 Socolov asserts that the one-year limitation on a motion to reinstate the appeal time in a civil case under the analogous rule 4(g) would also apply to a criminal case. This is not supported by the plain language of rule 4(f), which currently omits any time limitation.[2] *See Ralphs v. McClellan*, 2014 UT 36, ¶ 24, 337 P.3d 230 (noting that rule 4(f) does not include "any time limitation on a motion to reinstate an appeal."). "In reserving the right of a defendant to move to reinstate an appeal that is lost by no fault of the defendant, rule 4(f) reserved a right of continuing jurisdiction of the court in which a conviction is entered and a sentence is rendered." *Id.*

¶10 "The point of [rule] 4(f) . . . is to provide criminal defendants who have been deprived of an appeal through no fault of their own with an avenue for relief." *Brown v. State*, 2021 UT 11, ¶ 16, 489 P.3d 152. Rule 4(f) codified the procedure for reinstatement of an appeal and supplanted the remedy for reinstatement of the appeal time previously provided by *Manning v. State*, 2005 UT 61, 122 P.3d 628. *See id.* ¶ 13. However, the factors from *Manning* continue to "inform the discussion of what rule 4(f) means by deprived of the right to appeal." *Id.* ¶ 16. *Manning* "explained that criminal defendants were entitled to have their appeal rights reinstated where they demonstrate that they had lost their appeal rights because (1) counsel failed to file

---

2. A proposed amendment to rule 4(f) of the Utah Rules of Appellate Procedure is being considered and, if adopted, would implement a one-year time limitation for a motion seeking to reinstate the time for appeal in a criminal case.

an appeal after agreeing to do so; (2) despite diligently attempting to file a timely appeal, the defendant was unable to do so through no fault of their own; or (3) the court or the defendant's counsel failed to properly advise them of the right to appeal." *Id.* (cleaned up); *see also Ralphs*, 2014 UT 36, ¶ 30 (differentiating the remedy of reinstatement of appeal time under rule 4(f) from the relief that would be available under the PCRA, which has no application to the right to appeal).

¶11    Socolov claimed in his PCRA petition that he was not properly advised by trial counsel of his right to appeal. However, Socolov made the same factual claims that would be considered in rule 4(f) proceedings as support for an assertion that the remaining claims in the PCRA petition are not subject to preclusion under section 78B-9-106(1)(c), because the alleged failure to advise him of his appeal rights constituted ineffective assistance of counsel that resulted in failure to raise the claims on direct appeal. We agree with the district court that Socolov's remedy for the alleged failure to advise him of his appeal rights is a motion under rule 4(f). If Socolov obtains reinstatement of the appeal time, his remaining claims can be asserted in a direct appeal. If the claims raised in the PCRA petition may still be raised on direct appeal, Socolov is not eligible for post-conviction relief on those claims under the preclusion provision of section 78B-9-106(1)(a). If Socolov cannot demonstrate that he is entitled to reinstatement of the appeal time, the claims raised in his PCRA petition are properly precluded under section 78B-9-106(1)(c) as claims that could have been but were not raised in the trial court or on appeal.

¶12    Alternatively, the district court ruled that Socolov was not entitled to relief under the PCRA because he did not exhaust his available legal remedy of filing a rule 4(f) motion seeking to reinstate the time for direct appeal. Utah Code section 78B-9-102(1)(a) states that "[t]his chapter establishes the sole remedy for any person who challenges a conviction or sentence for a

criminal offense and who has exhausted all other legal remedies, including a direct appeal." *See also Lucero v. Kennard*, 2005 UT 79, ¶ 36, 125 P.3d 917 ("To be eligible for post-conviction relief, defendants have consistently been required to appeal error through regular and prescribed proceedings in order to prevent extraordinary relief from being used as a substitute for normal appellate procedures." (cleaned up)). The same alleged facts that Socolov claimed should allow him to avoid preclusion of his claims for failure to raise them on direct appeal—that his trial counsel failed to properly advise him of the right to appeal—would be presented to the sentencing court in an appropriate rule 4(f) motion served on the prosecutor. If the motion is opposed, the alleged facts will be evaluated by the sentencing court after an evidentiary hearing to determine whether Socolov has demonstrated by a preponderance of the evidence that he was deprived of the right to appeal. *See* Utah R. App. P. 4(f); *see also State v. Collins*, 2014 UT 61, ¶ 36, 342 P.3d 789 (concluding that harmless error analysis applies to claims seeking reinstatement of appeal time). Accordingly, the district court correctly determined that Socolov must exhaust the remedy available to him under rule 4(f) for reinstatement of the time for direct appeal before seeking relief under the PCRA.

¶13  We therefore affirm the dismissal of Socolov's petition for post-conviction relief.

———————