**2023 UT App 142**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
DARREN C. BLUEMEL,
Appellant.

Opinion
No. 20210181-CA
Filed November 24, 2023

Third District Court, Salt Lake Department
The Honorable Mark S. Kouris
No. 991906513

Herschel Bullen, Attorney for Appellant

Sean D. Reyes and Lindsey L. Wheeler,
Attorneys for Appellee

JUDGE JOHN D. LUTHY authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and RYAN D. TENNEY
concurred.

LUTHY, Judge:

¶1      In 1999, Darren C. Bluemel pleaded guilty to murder and was sentenced to five years to life in prison. He did not move to withdraw his plea, and he did not file a timely appeal. More than twenty years later, however, he moved to have the time to file an appeal reinstated under rule 4(f) of the Utah Rules of Appellate Procedure because, he claimed, (1) he asked his trial counsel to file an appeal and his trial counsel did not and (2) neither the trial

court nor his trial counsel advised him of his right to appeal his sentence.[1]

¶2 The district court found that Bluemel "knowingly and voluntarily waived his right to appeal [his] sentence" and that "anything that may have happened after that [was] harmless," and it denied Bluemel's motion. The district court also determined that Bluemel's delay in filing the motion was "substantial and unreasonable" and, thus, that the motion was "untimely."

¶3 Although we share the district court's concerns regarding Bluemel's delay in filing the motion, we conclude that under the language of rule 4(f) and caselaw interpreting it, Bluemel's motion was not untimely. On the issue of whether Bluemel was deprived of the right to appeal when his trial counsel did not file an appeal after Bluemel requested one, we conclude that because Bluemel did not make his request until after the time to appeal had passed, his trial counsel's failure to appeal did not deprive Bluemel of that right. On the issue of whether Bluemel was deprived of the right to appeal because the trial court and his trial counsel failed to properly inform him of his right to appeal, we conclude that the district court's factual findings are inadequate. We therefore vacate the district court's determination on this issue and remand the matter for a redetermination of this issue after the district court makes additional findings.

---

1. We refer to the court that took Bluemel's plea and sentenced him as "the trial court," and we refer to the attorney who represented Bluemel during that time as his "trial counsel." We refer to the court that considered and ruled on Bluemel's subsequent rule 4(f) motion as "the district court."

BACKGROUND

¶4    Bluemel shot and killed a woman at his home in March 1999. Bluemel then told two individuals who were also at the home at the time that "he would have to 'kill them too'" so there would be no witnesses. One of those individuals assured Bluemel that "he would not 'tell'" anyone about the killing, and Bluemel let him go. Bluemel detained the other individual for over an hour before letting her leave. At some point, Bluemel wrapped his victim's body in a rug and threw it in a culvert on his property. He was later arrested and charged with murder and aggravated kidnapping, both first-degree felonies, as well as tampering with evidence, a second-degree felony.

¶5    Bluemel eventually pleaded guilty to the murder charge in exchange for the State dismissing the other charges. At the change of plea hearing, Bluemel's trial counsel said that he had "reviewed" with Bluemel the Statement of Defendant, Certificate of Counsel and Order (the Plea Affidavit). Bluemel then confirmed that he had read and understood the Plea Affidavit, which he then signed. The Plea Affidavit stated that Bluemel was "waiving and giving up" the rights he would otherwise have "to appeal [his] conviction and sentence." But this was partly incorrect. In reality, the parties agree that Bluemel was waiving only the right to appeal his conviction, not the right to appeal his sentence. *See Manning v. State*, 2005 UT 61, ¶ 37, 122 P.3d 628 (holding that by pleading guilty, a criminal defendant waives the right to appeal the conviction but retains the right to appeal the sentence), *superseded on other grounds by rule as stated in State v. Brown*, 2021 UT 11, 489 P.3d 152.

¶6    During the ensuing colloquy, the trial court explained that Bluemel had "the right to go to trial" and, "[i]f the trial resulted in a conviction," the right to "appeal that conviction." Bluemel said that he understood those rights and that he would be waiving them by pleading guilty. The trial court confirmed that Bluemel

understood that "[t]he maximum sentence that [could] be imposed" for the murder charge was "a prison sentence of five years to life" and a fine. The trial court then accepted Bluemel's guilty plea to the murder charge, found that it was "knowingly and voluntarily made," and dismissed the other charges. Finally, the trial court advised Bluemel that he had "30 days to make a written motion to withdraw the plea for good cause."[2]

¶7     Central to this appeal, the trial court did not advise Bluemel that, contrary to what was stated in the Plea Affidavit, he retained the right to appeal his sentence. Nor did the trial court inform Bluemel that the deadline for an appeal was thirty days from the date of sentencing.

¶8     Bluemel did not move to withdraw his plea, and the case proceeded to sentencing on August 30, 1999. At sentencing, the trial court imposed the maximum sentence of five years to life in the Utah State Prison plus a fine.[3] Again the trial court did not

---

2. The deadline to withdraw a guilty plea has since been changed; a request to withdraw a guilty plea must now "be made by motion before sentence is announced." Utah Code § 77-13-6(2)(b).

3. The trial court followed the law then in effect, which provided:

> A person who has been convicted of a felony may be sentenced to imprisonment for an indeterminate term as follows: (1) In the case of a felony of the first degree, for a term [of] not less than five years, unless otherwise specifically provided by law, and which may be for life.

Utah Code § 76-3-203 (1999). The murder statute then in effect did not provide for any other sentence. *See id.* § 76-5-203. The current murder statute provides for a sentence of fifteen years to life in prison. *See id.* § 76-5-203(3)(a)(ii) (2022).

advise Bluemel of his right to appeal his sentence or of the deadline for filing an appeal, and Bluemel filed no appeal.

¶9 Between August 2000 and February 2020, Bluemel filed five petitions for state post-conviction relief challenging only his plea and two petitions for federal habeas relief that primarily challenged his plea. None of these petitions were successful.

¶10 Then in November 2020—over twenty-one years after he was sentenced—Bluemel filed a motion to reinstate the time for filing a direct appeal, arguing that he had been unconstitutionally deprived of the right to appeal. At the hearing on that motion, Bluemel testified that he sent various letters to his trial counsel—multiple letters by first-class mail in "October, November of '99" and one by certified mail in January 2000—notifying his trial counsel "that he wanted a[] direct appeal." He also told the district court:

> This basically all boils down to originally in 1999 whether my plea was knowingly and voluntarily entered[,] and if someone would read my current [petition for post-conviction relief] that's before this Court, there's facts in there that have never been in a prior [petition for post-conviction relief]. . . . If someone were to read what I have it'll show, one, . . . my plea was not knowing[ly] and voluntarily entered; and two, I asked my attorney to file a notice of appeal and they just basically ignored me. This is [about] . . . whether I knowingly and voluntarily committed myself to life in prison.

¶11 At the conclusion of the hearing, the district court denied Bluemel's motion and made the following oral findings relevant to this appeal:

> First of all, I do believe that [Bluemel] knowingly and voluntarily waived his rights as indicated by the plea forms.
>
> Second of all, I think that anything that may have happened after that is harmless. He's already had five other post-conviction motions and they've already determined a lot of the direction this case is going. As well, obviously this motion is filed 22 years after . . . his sentencing took place . . . , and as a result I certainly find that not to be timely . . . .

In a written order memorializing its oral ruling, the district court elaborated in relevant part as follows:

> [Bluemel] fails to meet his burden of proof under *Manning* [*v. State*]. [He] fails to present credible evidence persuading the Court that [he] was unconstitutionally deprived of the right to appeal the sentence. To the contrary, the Court is persuaded by the evidence that [Bluemel] knowingly and voluntarily waived his right to appeal the sentence. Moreover, [Bluemel's] Motion for relief from the sentence made twenty-one years after sentencing is untimely. The delay is substantial and unreasonable, particularly in view of [Bluemel's] vigorous litigation over the years to obtain relief from the sentence.

¶12 Bluemel now appeals the district court's denial of his motion to reinstate the time for filing a direct appeal. On appeal, notwithstanding the district court's finding that Bluemel "knowingly and voluntarily waived his right to appeal the sentence," the State concedes that Bluemel did not waive the right to appeal his sentence and, therefore, that the trial court failed to comply with rule 22(c)(1) of the Utah Rules of Criminal Procedure, which provides that, "[f]ollowing imposition of

sentence, the court must advise the defendant of defendant's right to appeal" and "the time within which any appeal must be filed." Utah R. Crim. P. 22(c)(1).[4]

ISSUES AND STANDARDS OF REVIEW

¶13　Bluemel presents three issues on appeal. First, he argues that the district court erred by denying as untimely his motion to reinstate the period for filing an appeal. This issue requires us to interpret rule 4(f) of the Utah Rules of Appellate Procedure and caselaw that has applied it. "[T]he interpretation of a rule of procedure is a question of law that we review for correctness," *Brown v. Glover*, 2000 UT 89, ¶ 15, 16 P.3d 540, and so is the interpretation of caselaw, *see State v. J.R.B.*, 2010 UT App 245, ¶ 15, 239 P.3d 1052.

¶14　Second and third, Bluemel contends that the district court wrongly denied his rule 4(f) motion, arguing that he was deprived of his right to appeal both when he asked his trial counsel to file an appeal but trial counsel did not and also when neither the trial court nor trial counsel properly informed him of his right to appeal. "We review [a lower] court's legal conclusion that [a defendant] was not unconstitutionally deprived of his [or her] right to appeal for correctness but give deference to its underlying factual findings, meaning that we will not overturn them unless they are clearly erroneous." *State v. Kabor*, 2013 UT App 12, ¶ 8, 295 P.3d 193, *cert. denied*, 300 P.3d 312 (Utah 2013). In addition, whether a district court's "findings are adequate to support the court's legal conclusions is reviewed for correctness as a question

---

4. The substance of the quoted text from current rule 22(c)(1) appeared, with only minor stylistic differences, in rule 22(c) at the time of Bluemel's sentencing. *See* Utah R. Crim. P. 22(c) (1999). We cite and quote the current rule for convenience.

of law." *Lundahl Farms LLC v. Nielsen*, 2021 UT App 146, ¶ 41, 504 P.3d 735 (cleaned up).

ANALYSIS

I. Timeliness

¶15 Bluemel contends that the district court erred by ruling that his rule 4(f) motion was untimely. Under the plain language of the rule and appellate caselaw interpreting it, Bluemel is correct. The Utah Supreme Court has explained:

> Neither *Manning* [*v. State*, the impetus for rule 4(f),] nor rule 4(f) includes any time limitation on a motion to reinstate an appeal. And absent any such time limitation, we cannot properly impose one . . . . [A defendant] face[s] no time deadline on filing such a motion, and thus cannot be deemed to have forfeited the right to file such a motion by his delay in filing it.

*Ralphs v. McClellan*, 2014 UT 36, ¶ 24, 337 P.3d 230. Under this reasoning, which the State recognizes as controlling, the district court erred by basing its denial of Bluemel's rule 4(f) motion partly on the ground that it was "untimely."

¶16 Notwithstanding our conclusion on this issue, we are sympathetic to the district court's view that Bluemel's delay in filing his rule 4(f) motion was "substantial and unreasonable." In that regard, our supreme court also acknowledged "concerns regarding finality and repose" and "the 'mischief' introduced by a stale 4(f) motion," and it flagged these concerns "for consideration by our advisory committee on the rules of appellate procedure, with an indication of [its] inclination to amend the rule prospectively to add a time limitation going forward." *Id.* ¶ 25. We flag this concern anew. As of now, however, no time

limitation has been added to rule 4(f), and "absent any such time limitation, [the district court could not] properly impose one," *id.* ¶ 24.

## II. Late Requests for an Appeal

¶17 Having determined that Bluemel's rule 4(f) motion was timely, we turn to his argument that he was deprived of his right to appeal when he asked his trial counsel to file a notice of appeal and his trial counsel did not. We conclude that because Bluemel introduced no evidence that his trial counsel received a request to appeal before the time for appeal had passed, the district court did not err by declining to grant Bluemel's motion based on this argument.

¶18 The Utah Constitution grants criminal defendants "the right to appeal in all cases." Utah Const. art. I, § 12. But "[t]he right to appeal is not unlimited." *State v. Nicholls*, 2017 UT App 60, ¶ 18, 397 P.3d 709, *cert. denied*, 400 P.3d 1046 (Utah 2017). For instance, a criminal defendant who wishes to appeal must file a notice of appeal "within 30 days after the date of entry of the judgment."[5] Utah R. App. P. 4(a). The thirty-day deadline "is jurisdictional in nature, meaning that an appellate court simply has no power to hear the case if a notice of appeal is untimely." *State v. Collins*, 2014 UT 61, ¶ 22, 342 P.3d 789 (cleaned up). But "[t]here is an exception for criminal defendants . . . to the general rule that requires the timely filing of a notice of appeal." *Id.* ¶ 23.

¶19 Specifically, in *Manning v. State*, 2005 UT 61, 122 P.3d 628, *superseded by rule*, Utah R. App. P. 4(f), *as stated in State v. Brown*, 2021 UT 11, 489 P.3d 152, our supreme court concluded that it needed to "provide a readily accessible and procedurally simple method by which persons improperly denied their right to appeal

---

5. "In criminal cases, it is the sentence itself which constitutes a final judgment from which a defendant has the right to appeal." *State v. Harris*, 2004 UT 103, ¶ 20, 104 P.3d 1250 (cleaned up).

can promptly exercise this right." *Id.* ¶ 26. Thus, it held that, "upon a defendant's motion, the trial or sentencing court may reinstate the time frame for filing a direct appeal where the defendant can prove, based on facts in the record or determined through additional evidentiary hearings, that he has been unconstitutionally deprived, through no fault of his own, of his right to appeal." *Id.* ¶ 31. The *Manning* court then explained that three "[s]uch circumstances would include" the following:

> (1) [where] the defendant asked his or her attorney to file an appeal but the attorney, after agreeing to file, failed to do so, (2) [where] the defendant diligently but futilely attempted to appeal within the statutory time frame without fault on [the] defendant's part, or (3) [where] the court or the defendant's attorney failed to properly advise [the] defendant of the right to appeal.

*Id.* (citations omitted).

¶20 Utah's appellate rules were thereafter amended "to formalize the process" announced in *Manning*. *State v. Brown*, 2021 UT 11, ¶ 15, 489 P.3d 152 (cleaned up). Accordingly, rule 4(f) of the Utah Rules of Appellate Procedure provides that "[u]pon a showing that a criminal defendant was deprived of the right to appeal, the trial court shall reinstate the thirty-day period for filing a direct appeal." Utah R. App. P. 4(f).

¶21 Although *Manning* "no longer supplies a valid procedural basis for accessing the right to appeal separate and apart from rule 4(f), it does inform the discussion of what rule 4(f) means by 'deprived of the right to appeal.'" *Brown*, 2021 UT 11, ¶ 16. In that regard, *Manning* noted that the above-quoted list of three scenarios under which a defendant is unconstitutionally deprived of the right to appeal was "not intended to be exclusive." *Manning*, 2005 UT 61, ¶ 31 n.11. And here, Bluemel identifies an additional scenario—a close variation of the first *Manning*

scenario—under which a defendant is unconstitutionally deprived of the right to appeal. Specifically, he points to the United States Supreme Court's statement in *Garza v. Idaho*, 139 S. Ct. 738 (2019), that it has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable" and that such ineffective assistance unconstitutionally deprives the defendant of the right to appeal. *Id.* at 746–47 (cleaned up).

¶22 Of course, *Garza*'s holding assumes that the defendant's attorney received the instruction to file an appeal before the time for appeal had passed. This is evident from the Court's explanation that in *Garza* "[t]he period of time for [the defendant's] appeal to be preserved came and went" *after* the defendant "told his trial counsel that he wished to appeal." *Id.* at 743. This is also consistent with the fact that the filing of an untimely notice of appeal is a futile act, *see Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616 (recognizing that appellate courts must dismiss untimely appeals), *cert. denied*, 21 P.3d 218 (Utah 2001), and an attorney's decision not to engage in futile acts "does not constitute ineffective assistance," *State v. Bond*, 2015 UT 88, ¶ 63, 361 P.3d 104 (cleaned up). Thus, the pertinent principle from *Garza*—which principle, we agree, rightly forms the basis of a fourth *Manning* scenario—is that an attorney's performance is deficient and unconstitutionally deprives the defendant of the right to appeal when (1) before the time for appeal has passed, the attorney receives specific instructions from the defendant to file an appeal (even if the attorney has not outright agreed to file the appeal, as is the case in the first *Manning* scenario) and (2) the attorney disregards those instructions and fails to file a notice of appeal.

¶23 Although Bluemel argues that his case fits this fourth *Manning* scenario, he failed to introduce evidence that his trial counsel received appeal instructions before the time to appeal had passed. Bluemel was sentenced on August 30, 1999, and his

deadline to appeal was thirty days later, on September 29, 1999. Bluemel testified at the rule 4(f) motion hearing that he "asked [his] attorney to file a notice of appeal and [the attorney] just basically ignored [him]." As to the timing of his request for an appeal, however, Bluemel testified that he did not send the first-class letters asking his trial counsel to file an appeal until "October, November of '99" and that he sent "the certified letter . . . in January of 2000." Apparently recognizing that his trial counsel's performance would not be deemed deficient if trial counsel did not receive appeal instructions before the time for appeal had passed, Bluemel now asserts that it would be "reasonable" for us to simply "presume" that "he first asked his trial counsel to appeal . . . within thirty days" of sentencing. We are unable to indulge that presumption.

¶24   "[A] finding of fact cannot be based upon surmise, conjecture, guess, or speculation," *Olsen v. Warwood*, 255 P.2d 725, 727 (Utah 1953), and Bluemel failed to introduce any evidence to support a finding that he communicated with his trial counsel within thirty days of sentencing about his desire for an appeal. Because Bluemel failed to introduce evidence that his trial counsel received appeal instructions before the time for appeal had passed, we conclude as a matter of law that Bluemel did not prove that his trial counsel's failure to file an appeal constituted deficient performance.[6] Thus, the district court did not err by declining to grant Bluemel's motion based on this argument.

---

6. Although the district court did not address Bluemel's argument in this way, "we may affirm on any legal ground or theory apparent on the record, as long as we do not reweigh the evidence in light of the new legal theory or alternate ground." *State v. Malloy*, 2019 UT App 55, ¶ 9, 441 P.3d 756 (cleaned up), *aff'd*, 498 P.3d 358 (Utah 2021).

III. Properly Advised of Right to Appeal

¶25    Finally, Bluemel argues that both the trial court and his trial counsel failed to properly advise him of his appeal rights and thereby unconstitutionally denied him of his right to appeal. We conclude that the district court's findings on this issue were inadequate, and we therefore remand this issue for additional findings.

¶26    We begin by observing that "harmless error analysis applies to claims for reinstatement" of the time to appeal. *State v. Collins*, 2014 UT 61, ¶ 36, 342 P.3d 789. Harmless error analysis in this context means that defendants who request reinstatement of the time to appeal must show by a preponderance of the evidence that if there had been no error affecting their right to appeal, they would have timely appealed. *Id.* ¶¶ 30–31.

¶27    This harmless error analysis is expressly incorporated into the first two *Manning* scenarios because in those scenarios—i.e., where "the defendant asked his or her attorney to file an appeal but the attorney, after agreeing to file, failed to do so" and where "the defendant diligently but futilely attempted to appeal within the statutory time frame without fault on [the] defendant's part"—"the defendant takes affirmative steps to appeal and is ultimately harmed because something outside of his control causes the failure to appeal." *Id.* ¶ 32 (cleaned up). The defendant's affirmative efforts to appeal demonstrate that, but for the error, the defendant would have appealed.

¶28    "The third [*Manning*] scenario is somewhat different in that it does not contain an express requirement of a showing of harm because it concerns a situation where the defendant lacks knowledge of his right to appeal and accordingly takes no action to vindicate that right." *Id.* ¶ 33. But because harmless error analysis applies in this scenario as well, defendants relying on it "must show: (1) that neither the court nor counsel properly advised them of their right to appeal, and (2) that 'but for' this

failure they would have filed [a timely] appeal." *Id.* ¶ 29; *see also id.* ¶¶ 38–43.

¶29    Here, the trial court did not inform Bluemel that, contrary to what was said in the Plea Affidavit, he retained the right to appeal his sentence. The trial court also did not inform Bluemel of the thirty-day deadline for filing an appeal. In each of these ways, the trial court did not fulfill its obligation to "advise the defendant of defendant's right to appeal" and "the time within which any appeal must be filed." Utah R. Crim. P. 22(c)(1). Because the State has not argued that being properly informed for purposes of *Manning* and rule 4(f) is somehow different than being properly informed under rule 22(c)(1), we assume that Bluemel was not properly informed by the trial court of his right to appeal. *See Collins*, 2014 UT 61, ¶ 26. "But a court's failure to fully comply with rule 22(c)(1) will not necessarily result in a deprivation of the defendant's right to appeal because the defendant's attorney may independently inform the defendant of the right." *Id.* ¶ 25.

¶30    As to whether Bluemel's trial counsel properly informed him of his appeal rights, trial counsel acknowledged during the change of plea hearing that he had reviewed with Bluemel the Plea Affidavit, which the State now concedes had mistakenly told Bluemel that he was waiving the right to appeal his sentence, and the record contains no express indication that trial counsel ever informed Bluemel of the appeal deadline. This evidence could support an inference that Bluemel's trial counsel did not properly inform Bluemel of his appeal rights.

¶31    On the other hand, Bluemel did not testify that there were no other conversations in which his trial counsel informed him of his appeal rights. And Bluemel did not call his trial counsel to testify to that effect. The lack of definitive evidence on this point could undermine the weight a fact-finder might otherwise give to the inference that could be drawn from trial counsel's reviewing the deficient Plea Affidavit with Bluemel. Additionally, Bluemel's

untimely requests to his trial counsel to file an appeal suggest that Bluemel at some point did become aware of his right to appeal, even if not of the deadline for exercising it.

¶32   Despite the competing evidence, lack of evidence, and inferences that could be drawn from each, the district court made no finding as to whether Bluemel's trial counsel properly informed Bluemel of his right to appeal his sentence and the deadline for filing an appeal. Admittedly, the district court did find generally that Bluemel "fail[ed] to meet his burden of proof under *Manning*." But because a *Manning* analysis requires findings on multiple factual issues, and because the State has conceded error in the district court's one specific factual finding (i.e., that Bluemel actually waived the right to appeal his sentence), the district court's blanket finding that Bluemel "fail[ed] to meet his burden of proof under *Manning*" is inadequate to support the ruling on Bluemel's argument based on the third *Manning* scenario.

¶33   The district court also made no adequate finding as to whether Bluemel would have timely appealed if he had been properly informed of his appeal rights. Again, the district court did say that "anything that may have happened after [Bluemel pleaded guilty] is harmless." But its lack of clarity regarding the harmless error standard it was applying, *see infra* ¶¶ 35–39, renders this finding inadequate as well.[7]

---

7. The inadequacy of the district court's findings is somewhat understandable in light of its determination that Bluemel "knowingly and voluntarily waived his right to appeal [his] sentence." If that determination had stood, the complexion of this case would be fundamentally different since, under that scenario, it would have been proper to inform Bluemel that he had waived the right to appeal his sentence. However, that scenario also raises

(continued…)

¶34 Accordingly, we remand the case to the district court for a determination of whether Bluemel's trial counsel informed Bluemel of his right to appeal his sentence and of the deadline to appeal and, if Bluemel was not properly informed, whether he would have timely appealed if he had been. In making these determinations, the district court may "hold[] further hearings on [these] issue[s] or rely[] on the existing record," *Collins*, 2014 UT 61, ¶ 57, to the extent that the existing record is adequate to support the district court's additional determinations.

¶35 The district court may be required to answer an additional question on remand. As we have noted, *see supra* ¶ 33, there was a lack of clarity below regarding what a defendant is required to prove under the *Manning* harmless error analysis. As we have explained, criminal defendants seeking reinstatement of the time to appeal must show both that an error affected their right to appeal and that, but for the error, they would have filed a timely appeal. The State argues, based on our opinion in *State v. Nicholls*, 2017 UT App 60, 397 P.3d 709, *cert. denied*, 400 P.3d 1046 (Utah 2017), that the harmless error portion of this analysis requires defendants who, like Bluemel, waive the right to appeal their plea to demonstrate that they would have appealed their *sentence* and

---

unanswered questions, such as whether defendants can waive the right to appeal their sentence, *compare State v. Maurstad*, 706 N.W.2d 545, 549 (Minn. Ct. App. 2005) ("[A] criminal defendant cannot waive the right to appeal a sentence . . . ."), *aff'd*, 733 N.W.2d 141 (Minn. 2007), *with Nolan v. State*, 177 N.E.3d 881, 883 (Ind. Ct. App. 2021) ("A defendant may waive his or her right to appeal a sentence as part of a plea agreement and such waivers are valid and enforceable."), and, if defendants can and do waive that right, whether the court is still required to inform them of the deadline to appeal, *see* Utah R. Crim. P. 22(c)(1); *supra* ¶ 29. Ultimately, the State's concession that Bluemel did not waive the right to appeal his sentence avoids these questions, but it triggers the need for additional findings on the issues identified above.

not their plea. *See id.* ¶ 54. The State then contends that Bluemel would have appealed only his plea,[8] thus defeating his claim for reinstatement.

¶36 The State does not misread our opinion in *Nicholls*. In *Nicholls*, a defendant who pleaded guilty and did not timely move to withdraw his plea later moved to reinstate his time to appeal. *Id.* ¶¶ 4–5, 15. We affirmed that "a defendant who pleads guilty waives the right to a direct appeal of the conviction on the crime charged," *id.* ¶ 19 (cleaned up), and that when a defendant pleads guilty and does not move to withdraw the plea, "the only direct appeal available is the residual right to appeal the sentence," *id.* ¶ 20. The defendant in *Nicholls* argued that he had been deprived of his right to appeal because the court had not properly informed him of his appeal rights and because his counsel also had not properly informed him of his appeal rights. *See id.* ¶¶ 50, 54. We observed, however, that the defendant "ha[d] not demonstrated in any of his briefing that he would have appealed his *sentence*" but for the errors he alleged. *Id.* ¶ 54. And because he had not shown that "he would have appealed his *sentence*," as opposed to his plea, we concluded that he had "not met his burden to show prejudice." *Id.* We therefore affirmed the denial of his rule 4(f) motion. *See id.* The State is therefore correct that *Nicholls* stands for the proposition that criminal defendants who retain only their right to appeal their sentence and seek reinstatement of the time to appeal must prove that, but for an error affecting their right to appeal, they would have timely appealed their *sentence*, not merely their plea.

---

8. In support of this contention, the State points to Bluemel's testimony that his rule 4(f) motion "basically all boils down to . . . whether [his] plea was knowingly and voluntarily entered" and to the fact that the sole focus of Bluemel's state post-conviction actions, and the primary focus of his federal habeas petitions, were complaints about his plea, not issues related to his sentence.

¶37    Subsequent to *Nicholls*, however, the United States Supreme Court issued *Garza v. Idaho*, 139 S. Ct. 738 (2019). In *Garza*, a criminal defendant pleaded guilty and signed two plea agreements, each containing "a clause stating that [he] 'waived his right to appeal.'" *Id.* at 742 (cleaned up). The trial court accepted the agreements and sentenced the defendant to prison in accordance with their terms. *Id.* "Shortly after sentencing, [the defendant] told his trial counsel that he wished to appeal." *Id.* at 743. But "[t]he period of time for [the defendant's] appeal to be preserved came and went with no notice having been filed." *Id.* The defendant then sought a restoration of his right to appeal. *Id.*

¶38    The Court in *Garza* began by observing that it had previously held that "when an attorney's deficient performance costs a defendant an appeal that the defendant would have otherwise pursued, prejudice to the defendant should be presumed 'with no further showing from the defendant of the merits of his underlying claims.'" *Id.* at 742 (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)). It then extended that holding to cases where the defendant pleads guilty and signs an appeal waiver. *Id.* at 747. The Court then expressly rejected the government's proposed adoption of a rule that would require a defendant who has signed a plea agreement waiving some, but not all, appeal rights "to show—on a case-specific basis—either (1) that he in fact requested, or at least expressed interest in, an appeal on a non-waived issue, or alternatively (2) that there were nonfrivolous grounds for appeal despite the waiver." *Id.* at 748 (cleaned up). This proposed but rejected rule would have harmonized with our decision in *Nicholls* by requiring defendants who have signed a waiver of the right to appeal their plea but retained the right to appeal their sentence to show that, but for an error affecting their right to appeal, they would have appealed their *sentence* (a non-waived issue), not their plea (a waived issue).

¶39    The United States Supreme Court's decision in *Garza* raises a question regarding the continuing validity of our *Nicholls*

holding identified above. However, neither party has addressed that question. Instead, Bluemel never mentions *Nicholls*, and the State cites approvingly both *Nicholls*'s holding that a defendant in Bluemel's position must demonstrate "that he would have appealed his *sentence*," 2017 UT App 60, ¶ 54, and *Garza*'s holding that a defendant in Bluemel's position must show that "he would have timely appealed" "with no further showing . . . of the merits of his underlying claim[]," 139 S. Ct. at 747 (cleaned up). Accordingly, we decline to address in the first instance the continuing validity of the relevant holding in *Nicholls*. *See Kay v. Barnes Bullets*, 2022 UT 3, ¶ 20, 506 P.3d 530 (declining to address a legal question in the first instance "without the benefit of full briefing on the subject"); *R.O.A. Gen. Inc. v. Salt Lake City Corp.*, 2022 UT App 141, ¶ 39, 525 P.3d 100 (remanding to allow the district court to address a legal issue "in the first instance" "because we are mindful that we are a court of review, not of first view" (cleaned up)). On remand, if the court finds that Bluemel was not properly informed by his trial counsel of his appeal rights, it should address the question of whether, in light of *Nicholls* and *Garza*, Bluemel must then prove only that had he been properly informed he would have timely *appealed* or that had he been properly informed he would have timely appealed his *sentence*. *See generally Kay*, 2022 UT 3, ¶ 20 n.29 ("We encourage the district court to keep in mind that when faced with questions of first-impression, trial judges should address them head-on and not reserve judgment in a manner that leaves the issues for resolution on appeal in the first instance." (cleaned up)). After having thus determined the proper standard for harmless error in this context, the court may then decide whether Bluemel has shown that he meets that standard.

## CONCLUSION

¶40 Bluemel's rule 4(f) motion was not untimely. The district court was correct, however, when it declined to grant the motion

based on the argument that Bluemel was deprived of his right to appeal when his trial counsel did not file an appeal after receiving Bluemel's belated requests to do so. On the argument that Bluemel was deprived of his right to appeal because the trial court and trial counsel failed to properly advise him of his appeal rights, the district court's findings are inadequate to support its ruling. We therefore vacate the ruling and remand the matter for additional findings as explained herein and for such additional proceedings as may then be appropriate.